[No. 824. Decided May 17, 1893.]

EDMUND SEYMOUR *et al.*, *Respondents*, v. THE CITY OF SPOKANE, *Appellant*.

MUNICIPAL CORPORATIONS — WARRANTS — RATE OF INTEREST.

In this state, municipal corporations are liable for interest at the legal rate — ten per centum — upon the amounts due from them, from the time that a warrant therefor has been issued and payment thereof refused for want of funds.

Ch. 2, § 19, of the freeholders' charter of Spokane, limiting the interest upon city warrants to 8 per cent. per annum, applies only to warrants given for money borrowed on the credit of the city.

*Appeal from Superior Court, Spokane County.*

*P. F. Quinn*, for appellant.

*Alfred E. Buell*, for respondents.

The opinion of the court was delivered by

HOYT, J.— Certain judgments had been rendered against the city of Spokane, and in payment thereof said city is-

sued its warrants upon its treasurer, which warrants were accepted by the owners of such judgments, and presented to the treasurer for payment, which was refused for the reason that there were no funds in the treasury applicable to such payment. Said warrants were afterwards paid to the holders thereof, with interest thereon at the rate of 8 per cent. per annum. At the time of such payment the holders demanded interest from the date of presentation for payment at the rate of 10 per cent., and accepted the lesser rate under protest, and this action was brought to recover the 2 per cent. interest which the city had refused to pay. The question as to whether or not the acceptance of such warrants was a payment of the judgments has been argued by counsel, but a decision thereof is unnecessary, in view of our conclusion as to the other questions raised. Two reasons are suggested by the attorney for the appellant why the city should not pay interest on its warrants at the rate of 10 per cent.—*First*, That under the provisions of § 19 of chapter 2 of its charter, the rate of interest on its warrants is limited to 8 per cent. per annum; *second*, that, if such provision of the charter is not applicable to warrants of this kind, then there is no provision whatever requiring the payment of any interest.

As to the first suggestion, the claim of the respondents that such provision of the charter has no application to warrants of this kind must be sustained. The section in question confers upon the city of Spokane the authority to borrow money on the credit of the city, and to secure the same by the issue of its warrants, payable at a specified time, with a rate of interest named therein, not to exceed the rate of 8 per cent. per annum, but does not in any manner refer to warrants issued in the ordinary course of business, in payment of claims against the city. It clearly contemplates only a voluntary loan, and the paper to be issued, though in the form of a warrant, is substantially

the promise of the city, payable in the future, and might as well have been called a promissory note as a warrant. It follows that this section of the charter could have no influence in determining the rate of interest to be paid upon the warrants in question.

The other suggestion of the appellant is founded upon the fact that there is no express provision in its charter requiring it to pay interest on warrants of the kind under consideration. Warrants of this kind, regularly, should be issued only when there is money in the treasury to meet them. Such was the intention of the legislature, when it provided the method by which municipal corporations should pay claims against them. But ever since the organization of the territory a general practice has prevailed, of drawing such warrants for all claims, regardless of the question as to whether or not there were funds in the treasury to meet them, and during the whole of this time there has prevailed a uniform custom of paying interest upon such warrants at the legal rate from the date of their presentation to the treasurer for payment until they were actually paid. That such a practice was legitimate and proper in a moral sense, there can be no doubt. An amount of money due from a city or other municipal corporation should draw interest until it is paid, the same as if due from a private person; and while it is probably true that, under the strict rules of law, interest could not be collected upon money due and unpaid by a municipal corporation without some legislative provision therefor, there is no good reason for such rule. This fact being recognized, the practice of paying interest, as above stated, grew up; and this practice has been so universal, and has been so frequently recognized by the legislation of the territory and state, as to give it the force of a law. The legislature, in numerous instances, has recognized as a portion of the liabilities of corporations of this kind interest on its indebtedness, evidenced by war-

rants of the kind in question.    From this practice, and its recognition by the legislature, it must be held that in this state municipal corporations are responsible for interest upon the amounts due from them, from the time that a warrant therefor has been issued, and payment thereof refused for want of funds; and if liable to pay interest at all, it is too clear for argument that they must pay at the legal rate.

The contention of the respondents, that they were entitled to ten per cent. interest, was correct, and the judgment of the superior court must be affirmed.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.