THE NATIONAL BANK OF JACKSONVILLE, A CORPORATION UNDER THE LAWS OF THE UNITED STATES OF AMERICA, PLAINTIFF IN ERROR, VS. DUVAL COUNTY, DEFENDANT IN ERROR.

1. In the absence of statute, or a valid agreement for interest, county warrants do not bear interest even after demand and a refusal to pay them for want of funds.

2. A county can not be burdened with expense or debt except so far as the power is given therefor either expressly or by clear implication from some other power expressly given. Being the creature of statute, the extent of its action towards incurring liability must be limited by statute.

3. A county being without sufficient money wherewith to pay its warrants drawn upon the county treasurer for its necessary and lawful expenses, the county commissioners agreed with a third person that such person should cash such warrants and that the county would pay such person interest at the rate of eight per cent. per annum upon the sums of money specified in said warrants, and which should be expended by such person in cashing same, from the date of such expenditures until the principal sums of the warrants should be paid by the county. In an action against the county to recover interest alleged to be due under such contract, held, that the county was not liable, as the commissioners had no power to bind the county to pay interest by such contract.

This case was decided by the Court In Banc.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

---

The National Bank of Jacksonville v. Duval County—Opinion.

---

*Coooper & Cooper,* for Plaintiff in Error;

*George U. Walker,* for Defendant in Error.

CARTER, J.

This cause was duly considered by Division B of the court, but the questions involved were deemed of sufficient importance to require the consideration of the court *en banc,* and it was, therefore, referred to the court *en banc* for decision.

In July, 1898, plaintiff in error began its action of assumpsit against defendant in error in the Circuit Court of Duval county. The first count of the declaration alleges "that heretofore, to-wit: on the 12th day of February, A. D. 1897, the said defendant Duval county was without sufficient money wherewith to pay its warrants upon the county treasurer for the payment of the necessary and lawful expenses of said county, and thereupon it was agreed by and between said plaintiff and said defendant that said plaintiff should cash such warrants and that said defendant would pay to the said plaintiff interest at the rate of eight per cent. per annum upon the sums of money specified in said warrants and which should be expended by plaintiff in cashing same from the dates of such expenditures by plaintiff until the said principal sums of said warrants should be paid by said defendant, and said plaintiff in accordance with said contract and agreement did cash such warrants of said county to a large sum or amount, to-wit: $20,388.78, and thereupon said defendant became bound to pay the said plaintiff interest on the moneys mentioned in or ordered to be paid by said warrants until such principal sums mentioned in

31 S. C.

said warrants should be paid by said defendant as aforesaid, and defendant promised to pay said interest as aforesaid, and plaintiff duly demanded payment thereof from said defendant, but said defendant wholly failed and refused to pay the same, to the great damage of the plaintiff, towit: to the amount of eight hundred dollars."

The declaration contained a second count which plaintiff in error construes as framed to recover legal interest upon the warrants mentioned in the first count independent of any agreement to pay interest.

The defendant interposed a demurrer to the declaration which the Circuit Court sustained, and plaintiff declining to amend, final judgment upon the demurrer was entered for defendant, from which this writ of error was taken by the plaintiff.

There is no statute in this State which authorizes the recovery of interest upon county warrants that have been presented for payment and refused for want of funds. Neither is there a general custom to pay interest upon such warrants that we are aware of. Section 588 Revised Statutes, as amended by Chapter 4409 acts of 1895, requires every county treasurer to enter in a book to be kept by him the fact of the refusal to pay or the nonpayment of any warrant which may be presented to him, and also requires him upon request of the party presenting the same to endorse on the back of such warrant the fact of the refusal or nonpayment and the reason therefor, and to pay such warrants in the order of their presentation, but the treasurer is not required by that or any other statute to pay interest upon such warrants. In Brown v Bd. of Com. of Johnson Co., 1 G. Greene (Iowa), 486, it was held that a county order, payable on presentment to the treasurer is due and draws interest from the date of such pre-

sentment. In Yellowly v. Commissioners of Pitt County, 73 N. C. 164, it was held that orders upon a county treasurer would bear interest from the time of demand upon the treasurer, but the decision was based upon a statute which provided that "all bonds, bills, notes, bills of exchange, liquidated and settled accounts shall bear interest from the time they become due," &c. See, also, Robbins v. Lincoln County Court, 3 Mo. 57. In Langdon v. Town of Castleton, 30 Vt. 285, it was held that the rule in regard to interest in respect to accounts against towns does not differ from that governing accounts against individuals. The question whether a town could be held liable for interest at all does not seem to have been suggested to the court in that case, the only question discussed being whether, in the absence of an express contract to pay it, interest would be allowed in cases of mutual shifting accounts, and whether interest should be computed annually upon ordinary running accounts.

The great weight of authority sustains the proposition that, in the absence of statute or a valid agreement for interest, county warrants do not bear interest even after demand and a refusal to pay them for want of funds. Camp v. Knox County, 3 Lea (Tenn.), 199; County of Madison v. Bartlett, 1 Scam. (Ill.) 67; Ashe v. County of Harris, 55 Texas, 49; Board of Supervisors of Warren County v. Klein, 51 Miss. 807; Board of Supervisors of Clay County v. Board of Supervisors of Chicasaw County, 64 Miss. 534, 1 South. Rep. 753; County of Pike v. Hosford, 11 Ill. 170; Dyer v. Covington Township, 19 Pa. St. 200; Allison v. Juniata County, 50 Pa. St. 351. See, also, 1 Daniel Neg. Insts. Sec. 432; Seton v. Hoyt. 34 Oregon, 266. 55 Pac. Rep. 967; Shipley v. Hackeney, 34 Oregon, 303. 55 Pac. Rep. 971; Seymour v. City of Spokane,

6 Wash. 362, 33 Pac. Rep. 832; Hawkins v. Mitchell, 34 Fla. 424, 16 South. Rep. 311.

It is insisted by plaintiff in error that the principle decided in the case of Jefferson County v. Hawkins, 23 Fla. 223, 2 South. Rep. 362, is applicable to the present case and controls it. The question there involved was whether past due interest coupons upon bonds issued by a county under legal authority would bear interest after maturity. The court disposed of the question by saying simply "although it has been intimated by this court in 13 Fla. that coupons past due do not bear interest, we are clearly of the opinion that the weight of authority is, as it is now held in the United States courts and most of the State courts, that coupons do bear interest after maturity." It will be observed that in that case the coupon was a negotiable instrument in the nature of an independent claim, issued under a statute authorizing the county to issue the bond with interest coupons. The question relating to interest upon county warrants was not involved or decided, and in view of the essential differences in the nature of coupons and warrants, they do not necessarily rest upon the same basis. See County of Beaver v. Armstrong, 44 Pa. St. 63; Welch v. First Division of the St. Paul & Pacific R. R. Co. 25 Minn. 314; Lexington v. Bank, 75 Miss. 1; Trustees I. I. Fund v. Lewis, 34 Fla. 424, 16 South. Rep. 325. We are, therefore, not inclined to extend the principle so as to embrace county warrants, as to do so would in our judgment be contrary to the great weight of authority. What we have said disposes of the claim to recover under the second count.

The next question for decision is, can interest be recovered under the agreement declared upon in the first count? In Davidson County v. Olwill, 4 Lea (Tenn.), 28, it was

held that the county court, as the representative of the county, may in consideration of forbearance to sue, contract with a creditor of the county for the payment of interest on a county warrant after its registration by the trustee, until there is money in the treasury to meet it in its regular order, but no longer.  The court sustained the power to make the contract restricted as stated above under the authority granted counties by section 404 of the Tennessee Code to "hold property for county purposes, and make all contracts necessary or expedient for the management, control and improvement thereof and for the better exercise of its civil and political powers."  No similar power is granted counties in this State, and nowhere is general power to contract conferred upon them. In Payne v. Washington County, 25 Fla. 798, 6 South. Rep. 881, it is said that "what constitutes legitimate indebtedness depends upon the power and authority given to counties by statute to make contracts and incur liabilities.  A county can not be burdened with expense or debt except so far as the power is given therefor, either expressly or by clear implication from some other power expressly given.  Being the creature of statute, the extent of its action towards incurring liability must be limited by statute."  The plaintiff at the time the alleged agreement was made was not a creditor of the county.  The county owed it no debt for the payment of which it was the duty of the county to provide.  The outstanding county warrants were bearing no interest.  No power to provide for payment of such warrants was given otherwise than from the current revenues flowing through the county treasury, except by means of bonds to fund outstanding indebtedness which could only be issued after an election held in accordance with sections 591 *et seq.*

Revised Statutes. To permit the county commissioners to evade the requirements of these sections, by sanctioning the contract declared upon in this case, would be to enable them to fix upon the county the burden of a refunding of the county indebtedness at a rate of interest to be fixed by themselves, without imposing upon them the duty of submitting to the people at an election the question of the propriety of funding the indebtedness and the rate of interest to be paid thereon. While the contract made with plaintiff may have been wise from a business point of view, tending as it did to sustain the credit of the county, we have been unable to find a statute granting the power to make it or granting any other power from which we can clearly imply the one here attempted to be exercised. These conclusions are sustained by the following authorities: County of Hardin v. McFarlin, 82 Ill. 138; Hall v. Jackson County, 95 Ill. 352.

The judgment of the Circuit Court will be affirmed.