FIRST NATIONAL BANK OF MARIANNA, a Corp., v. BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF JACKSON.

154 So. 314.

Opinion Filed April 20, 1934.

*John H. Carter* and *John H. Carter, Jr.,* for Plaintiff in Error;

*Carter & Pierce,* for Defendant in Error.

BUFORD, J.—Plaintiff in error sued defendant in error declaring on a note executed by defendant in error as evidence of indebtedness for money borrowed from the plaintiff in error. The note stipulated for attorney's fees in case of the necessity of collection by suit.

The declaration contained the usual allegations where recovery of attorney's fees is sought to indemnify the plaintiff in that regard. On motion, this allegation of the declaration was stricken. The theory advanced was that the board of public instruction is not authorized by statute to enter into such a contract of indemnity and that, therefore, this portion of the contract was *ultra vires*.

The judgment was as follows:

"IT IS ORDERED AND ADJUDGED that the plaintiff, The First National Bank of Marianna, a Corporation, do have and recover of and from the defendant, The Board of Public Instruction for the County of Jackson, State of Florida, a Corporation, the sum of Nine Thousand, Three Hundred Seventy-six Dollars ($9,376.00) for principal and interest due on the note sued on, together with the sum of $15.02 costs in and about this proceeding expended, to be recovered of the defendant in the manner and by the means provided by law, and to the plaintiff rendered.

"IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff take nothing on its claim for attorney's fees, and that the defendant go hence without day with respect to same."

To which plaintiff took writ of error.

Whether or not attorneys' fees may be recovered in such cases is a question upon which the courts have differed and, therefore, we can see no good reason to discuss the various opinions pro and con which have prevailed in other jurisdictions. This is a case of first impression here.

In the Board of Public Instruction for Lafayette County v. First National Bank of Gainesville, filed October 8, 1932, reported 143 Sou. 738, we said:

"The statute authorizes any such Board to borrow money (Sections 566-568, C. G. L., of Florida, 1927) and by necessary implication the Board would have power to execute such evidence of indebtedness as would be in accord with usual business practices, when not inconsistent with law. The statute does not undertake to provide the form of the evidence of such indebtedness to be executed by such boards when 'borrowing money.' "

See also same case on rehearing, 149 Sou. Rep. 213.

The obligation to pay reasonable attorneys' fees which the holder of a note may be put to in collection of such note is a usual condition included in contracts of this sort and we do not think that it could be successfully contended that such provision in such a contract when made by the board of public instruction is prohibited because it is not specifically and in terms granted by the statute.

We have repeatedly held that the obligation contained in a note to pay attorneys' fees is an obligation of indemnity and that under such provision the holder enforcing the same is entitled to no more than that which will indemnify him for his reasonable outlay in this regard in the enforcement of the contract.

It appears to us that a construction of the law which would preclude the right of the holder of a note executed by a county board of public instruction to recover in a suit on a note of this kind a sum equal to that which he is reasonably required to expend as attorneys' fees would be in effect to nullify the statute which authorizes such boards to borrow money. It would be unreasonable to expect that the most liberal money lender would lend his money as a business

proposition knowing that if default occurs he would be required to lose whatever sum he must pay his attorneys for putting the obligation into judgment.

The obligation to pay attorneys' fees so included in a note does not constitute the incurring of a penalty, but it is only the contract of the maker that the payee will be reimbursed and indemnified to the extent of a reasonable amount necessarily expended in the procuring of the services of an attorney to enforce the provisions of the contract after the maker has defaulted thereon. Such a provision is just as much a necessary and reasonable feature of a contract of this sort as is the provision for the payment of interest.

For the reasons stated, we hold that the court committed error in striking the allegation referred to from the declaration and in rendering judgment as to this item in favor of the defendant.

The judgment should be reversed with directions that the court enter a judgment not inconsistent with the views herein expressed.

Reversed with directions.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur. ELLIS, J., dissents.