BOARD OF PUBLIC INSTRUCTION, BAY COUNTY, v.
W. J. BAREFOOT.

193 So. 823
Division B
Opinion Filed November 3, 1939
On Petition for Rehearing February 20, 1940

*Stokes & Douglas,* for Appellant;

*Clyde R. Brown* and *James N. Daniel,* for Appellee.

PER CURIAM.—Writ of error from the Fourteenth Judicial Circuit, Bay County. Appellee instituted this action in the court below against the Board of Public Instruction of Bay County to recover money lent to appellant, evidenced by two notes. In substance the declaration alleges that appellant is indebted to appellee in the sum of $14,000 for money loaned by appellee to appellant, evidenced by a note bearing interest at 6% and making provision for reasonable attorneys' fees. Only $350 has been paid on said note. The second count alleges that appellant owes appellee the sum of $1,250, evidenced by a note bearing interest at 6% and providing for 20% attorneys fees. Three payments of $104.16 each have been made, leaving a balance due on the second note of $941.04. Appellee alleges he is the owner and holder of said notes.

Appellant demurred to the declaration of appellee, raising the objection that under Section 566, C. G. L., appellant had no authority to borrow money or to issue said notes. Appellant also claims that the declaration is demurrable because it fails to set up and specifically show the authority of the board to borrow or show fulfillment of the conditions prescribed for borrowing money, as set out in Sec-

tion 566, *supra*. Said demurrer was overruled and appellee requested leave to file additional counts to the declaration, which request was granted. In the additional counts, appellee alleged the manner in which and the purposes for which the money was borrowed, the origin of said notes being as follows: Appellee loaned appellant $5,000 on November 7, 1927, for one year; on March 5, 1928, he loaned appellant $3,000 for a year; on August 27, 1928, $4,000; and on February 18, 1929, an additional $2,000. At the time of each loan, a note was given appellee to evidence appellant's indebtedness for the amount of the loan, each note bearing 8% interest.

From time to time appellant renewed said notes until finally in March, 1937, appellant consolidated all the notes into one note of $14,000, evidencing the total amount of principal then due. Said note of $14,000 provided for interest and attorneys' fees as stated in the declaration. The amount of $14,541.26 is alleged as being now due on the note.

At the time of the execution of the said $14,000 note, there was due appellee in interest on the old notes, $1,250. Appellant gave appellee a second note for $1,250, providing for interest and attorneys' fees as alleged. The amount of $941.04 is still due under the second note.

Issue was never reached, though innumerable sets of leadings were filed. Appellant, on September 30, 1937, moved for default judgment because of appellee's failure to plead, after appellant's demurrer to appellee's amended pleas had been sustained, and appellee's demurrer to appellant's replication had been overruled.

Verdict for appellant was directed in the amount of $16,375.85, principal and interest, and the jury set reasonable attorneys' fees at $1,200. Judgment was entered for these amounts, and for $33.65, costs. Defendant moved for

a new trial. Said motion being denied, writ of error was taken to the final judgment.

Appellant, by appropriate assignments of error, questions the authority of the board to borrow the money, and make the notes in the first instance, relying on Section 566, C. G. L., in support of his contentions. The case of Logan v. Board of Public Instruction for Polk County, 118 Fla. 184, 158 So. 720, is controlling on this point, despite the fact that it is the authority of a Special Tax School District to borrow money that is there being questioned. We quote from page 726:

"* * * But the law contemplates efficient and economical management by the chosen officials. Where annual expenses are allowed to exceed the annual receipts, whether from negligence, inefficiency or management, or other cause, debts necessarily accumulate, unless the taxpayers protect or assert their rights in the selection of officers or by corrective legal proceedings. The law does not contemplate that, when duly chosen officials extravagantly or negligently spend public funds they are authorized to borrow and properly expend and repay, the lenders shall suffer a loss because of the delict of chosen officials, when such lenders do not in any way participate in such needless expenditures or do not lend the money with record or other reasonably informing notice of the intended or actual improper use of it.

"If by intendment or in principle Section 566 (458) C. G. L., is applicable to the funds of special tax school districts so as to impose an express limitation upon the authority to borrow to 80 per cent of the estimated amount required to maintain the necessary common schools for the next ensuing scholastic year, the provisos to the section preserve the integrity of outstanding debts, and do not require debts to be paid in full by the board 'before being

permitted to borrow 80 per cent on the estimate for the next ensuing year.' The section certainly does not prohibit the borrowing of money before the previous debts are paid in full (See later Act, Chapter 13297, Acts 1927) ; therefore the implied power to incur indebtedness for proper school purposes with the approval of the county board of public instruction was recognized by Section 717 (576) C. G. L., is not specifically limited by statute, though efficient and faithful administration of the authority and duties conferred by the statute demands that money should be borrowed only when and to the extent that it is imperatively necessary to conduct the schools as required by the statutes. See Sections 710 (569), 711 (570), 561 (454), 717 (576) C. G. L."

From this it is apparent that the board did have authority to borrow the money and to issue its notes therefor.

Appellant also questions the authority of the board to pay interest on the money borrowed and to pay attorneys' fees for the collection of the note. In Treadway v. Terrell, 117 Fla. 838, 158 So. 512, it is said, page 517:

" 'A State is not liable to pay interest on its debts, unless its consent to do so has been manifested by an Act of its Legislature, or by a lawful contract of its executive officers.' United States v. North Carolina, 136 U. S. 211, 10 Sup. Ct. 920, 34 L. Ed. 336."

While this rule is ostensibly for the State alone, it is equally applicable to one of its governmental units. See also Board of Public Instruction for Lafayette County v. First National Bank of Gainesville, 111 Fla. 4, 143 So. 738. A provision governing the amount of interest to be paid on money borrowed by the school board is contained in Section 566, C. G. L. It does not appear from the record that any interest in excess of 8% per annum has been paid. · In First National Bank of Marianna v. Board of Public

Instruction for Jackson County, 114 Fla. 571, 154 So. 314, it has been held that reasonable attorneys' fees should be paid by the board of public instruction when the note provided for them. Nothing appears in the record to show that the attorneys' fees allowed here were unreasonable.

No reversible error appearing, the judgment is affirmed. Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

### ON PETITION FOR REHEARING

PER CURIAM.—Appellant, in his petition for rehearing, urges that there was borrowed by the board during the school years 1927-1928 and 1928-1929 more than 80 per cent of the estimated expenses for the next ensuing scholastic year. While the pleadings make it clear to us that the total amount of debts was more than 80 per cent of the estimated expenses for the ensuing year, there is no sufficient allegation that in any one year more than 80 per cent had been borrowed. So far as the record shows, the $8,000 and the $6,000 were the only amounts that were borrowed during those years.

Appellant alleges that the Logan case, cited in the original opinion, is not apropos because it was an action on the common counts. We have held in Board of Public Instruction v. Cooey, 128 Fla. 591, 175 So. 219, that there could be a recovery on the common counts, and if there is such a liability, could it not be recognized and evidenced by a written note? Commissioner Andrews, in Board of

Public Instruction v. First National Bank of Gainesville, 111 Fla. 4, 143 So. 738, has correctly said that:

"The statute authorizes any such board to borrow money (Section 566-568 C. G. L. of Florida 1927) and by necessary implication the Board would have power to execute such evidence of indebtedness as would be in accord with usual business practices, when not inconsistent with law. The statute does not undertake to provide the form of the evidence of such indebtedness to be executed by such boards when 'borrowing money'."

Apparently counsel for appellant has misconstrued the language of the opinion in the Logan case inasmuch as he insists that the money was borrowed before the enactment of Section 566, C. G. L., and also by suggesting that such debt was validated by Chapter 13297, Acts of Florida, 1927. Nothing to that effect appears either in the original record or in the report of the case.

We have not attempted to settle the question of attorney's fees by the Logan case, but have relied on First National Bank of Marianna v. Board of Public Instruction, 114 Fla. 571, 154 So. 314, as authority for that point.

Appellant quotes the following from George Babcock, Inc., v. Board of Public Instruction for Dade County, 103 Fla. 1263, 140 So. 644:

" 'A county board of public instruction in this State may only assume such obligations as it is authorized by statute to assume, and then only pursuant to the method prescribed by statute.' "

We are much in accord with this statement of the law, and are unable to find wherein we have deviated therefrom.

Petition for re-hearing denied.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BROWN, J., concurs specially.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (concurring specially).—We held in the Cooney case, cited in the above opinion, that the plaintiff could recover on the common counts for money borrowed for an *authorized purpose*—the maintenance of the schools—although previous loans had not been paid,—on the ground that there was no express *prohibition*. But is the incurment of a contingent obligation to pay attorney's fees *an authorized* school maintenance purpose which the board has authority to incur debt for? I think not. Otherwise, I concur in the foregoing opinion.