BOARD OF PUBLIC INSTRUCTION, BAY COUNTY, v.
W. J. BAREFOOT.

191 So. 767
Division B
Opinion Filed November 3, 1939

*Stokes & Douglas,* for Appellant;
*Clyde R. Brown* and *James N. Daniel,* for Appellee.

PER CURIAM.—Writ of error from the Fourteenth Judicial Circuit, Bay County. Appellee instituted this action in the court below against the Board of Public Instruction of Bay County to recover money lent to appellant, evidenced by two notes. In substance the declaration alleges that appellant is indebted to appellee in the sum of $14,000 for money loaned by appellee to appellant, evidenced by a note bearing interest at 6% and making provision for reasonable attorney's fees. Only $350 has been paid on said note. The second count alleges that appellant owes appellee the sum of $1,250, evidenced by a note bearing interest at 6%

and providing for 20% attorneys' fees. Three payments of $104.16 each have been made, leaving a balance due on the second note of $941.04. Appellee alleges he is the owner and holder of said notes.

Appellant demurred to the declaration of appellee, raising the objection that under Section 566 C. G. L. appellant had no authority to borrow money or to issue said notes. Appellant also claims that the declaration is demurrable because it fails to set up and specifically show the authority of the board to borrow or show fulfillment of the conditions prescribed for borrowing money, as set out in Section 566, *supra*. Said demurrer was overruled and appellee requested leave to file additional counts to the declaration, which request was granted. In the additional counts, appellee alleged the manner in which and the purpose for which the money was borrowed, the origin of said notes being as follows: Appellee loaned appellant $5,000 on November 7, 1927, for one year; on March 5, 1928, he loaned appellant $3,000 for a year; on August 27, 1928, $4,000; and on February 18, 1929, an additional $2,000. At the time of each loan, a note was given appellee to evidence appellant's indebtedness for the amount of the loan, each note bearing 8% interest.

From time to time appellant renewed said notes until finally in March, 1937, appellant consolidated all the notes into one note of $14,000, evidencing the total amount of principal then due. Said note of $14,000 provided for interest and attorneys' fees as stated in the declaration. The amount of $14,541.26 is alleged as being now due on the note.

At the time of the execution of the said $14,000 note, there was due appellee in interest on the old notes, $1,250. Appellant gave appellee a second note for $1,250, providing

for interest and attorney's fees as alleged. The amount of $941.04 is still due under the second note.

Issue was never reached, though innumerable sets of pleadings were filed. Appellant, on September 30, 1937, moved for default judgment because of appellee's failure to plead, after appellant's demurrer to appellee's amended pleas had been sustained, and appellee's demurrer to appellant's replication had been overruled.

Verdict for appellant was directed in the amount of $16,375.85, principal and interest, and the jury set reasonable attorney's fees at $1,200. Judgment was entered for these amounts, and for $33.65, costs. Defendant moved for a new trial. Said motion being denied, writ of error was taken to the final judgment.

Appellant, by appropriate assignments of error, questions the authority of the board to borrow money, and make the notes in the first instance, relying on Section 566 C. G. L. in support of his contentions. The case of Logan v. Board of Instruction for Polk County, 118 Fla. 184, 158 So. 720, is controlling on this point, despite the fact that it is the authority of a special tax school district to borrow money that is there being questioned. We quote from page 726:

"* * * But the law contemplates efficient and economical management by the chosen officials. Where annual expenses are allowed to exceed the annual receipts, whether from negligence, inefficiency of management, or other cause, debts necessarily accumulate, unless the taxpayers protect or assert their rights in the selection of officers or by corrective legal proceedings. The law does not contemplate that, when duly chosen officials extravagantly or negligently spend public funds they are authorized to borrow and properly expend and repay, the lenders shall suffer a loss because of the delict of chosen officials, when such lenders

do not in any way participate in such needless expenditures or do not lend the money with record or other reasonably informing notice of the intended or actual improper use of it.

"If by intendment or in principle Section 566 (458) C. G. L., is applicable to the funds of special tax school districts so as to impose an express limitation upon the authority to borrow to 80 per cent of the estimated amount required to maintain the necessary common schools for the next ensuing scholastic year, the provisos to the section preserve the integrity of outstanding debts, and do not require debts to be paid in full by the board 'before being permitted to borrow 80 per cent on the estimate for the next ensuing year.' The section certainly does not prohibit the borrowing of money before the previous debts are paid in full (see later Act, Chapter 1327, Acts 1927); therefore the implied power to incur indebtedness for proper school purposes with the approval of the county board of public instruction as recognized by Section 717 (576) C. G. L., is not specifically limited by statute, though efficient and faithful administration of the authority and duties conferred by the statute demands that money should be borrowed only when and to the extent that it is imperatively necessary to conduct the schools as required by the statutes. See Sections 710 (569), 711 (570), 561 (454), 717 (576) C. G. L." From this it is apparent that the board did have authority to borrow the money and to issue its notes therefor.

Appellant also questions the authority of the board to pay interest on the money borrowed and to pay attorneys' fees for the collection of the note. In Treadway v. Terrell, 117 Fla. 838, 158 So. 512, it is said, page 517:

" 'A State is not liable to pay interest on its debts, unless its consent to do so has been manifested by an Act of its

Legislature, or by a lawful contract of its executive officers.' United States v. North Carolina, 136 U. S. 211, 10 Sup. Ct. 920, 34 L. Ed. 336."

While this rule is ostensibly for the state alone, it is equally applicable to one of its governmental units. See also Board of Public Instruction for Lafayette County v. First National Bank of Gainesville, 111 Fla. 4, 143 So. 738. A provision governing the amount of interest to be paid on money borrowed by the school board is contained in Section 566 C. G. L. It does not appear from the record that any interest in excess of 8% per annum has been paid.

In First National Bank of Marianna v. Board of Public Instruction for Jackson County, 114 Fla. 571, 154 So. 314, it has been held that reasonable attorneys' fees should be paid by the board of public instruction when the note provided for them. Nothing appears in the record to show that the attorney's fees allowed here were unreasonable.

No reversible error appearing, the judgment is affirmed. Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.