### WRIGHT v. BOARD OF PUBLIC INSTRUCTION OF SUMTER COUNTY.

Circuit Court, Sumter County.

June 4, 1953.

Robert J. Pleus and Joseph C. Young, both of Orlando, for plaintiff.

Askew & Earle, St. Petersburg, and Carroll W. Fussell, Bushnell, for defendant.

T. G. FUTCH, Circuit Judge.

Pursuant to stipulation of counsel, the court heard this cause without the intervention of a jury. In brief, the facts are substantially as follows—

At a meeting of the board of public instruction of Sumter County (hereinafter sometimes referred to as "the board") held on September 11, 1923, the board authorized the issuance and sale of $25,000 of Sumter County school time warrants to be dated on September 1, 1923—$5,000 maturing on September 1, 1928, $5,000 maturing on September 1, 1933, $5,000 maturing on September 1, 1938, and $10,000 maturing on September 1, 1943—and all bearing interest at the rate of 6% per annum payable semi-annually.

The board was authorized to issue the time warrants under the provisions of chapter 6654, Special Laws of Florida 1913.

At a meeting of the board held on October 11, 1923 C. W. McNear & Co. submitted a bid of $25,491 and accrued interest for the purchase of the warrants and the bid was accepted by the board but the sale was never consummated. On December 22, 1923 R. F. Collins, who was then the cashier of the Citizens Bank of Bushnell (hereinafter sometimes referred to as "the bank") and also a member of the board, made an offer to purchase the warrants for and on behalf of the bank, agreeing to pay therefor the sum of $25,000 in the following manner—

$5,000 on delivery of the warrants, to issue to the board a time certificate of deposit in the sum of $10,000 payable on March 1, 1924, and a time certificate of deposit in like amount payable on April 1, 1924, said certificates of deposit to bear interest at 6% per annum.

The records of the board are silent as to the acceptance of the offer made by the bank but the warrants were delivered to the bank which paid to the board the sum of $5,000. The bank did not execute or deliver to the board the certificates of deposit. The bank did, however, on June 24, 1924 transfer to the board's account the sum of $10,600 (the $600 presumptively being for accrued interest) but did not pay the sum of $10,000 which was to have been evidenced by a certificate of deposit due April 1, 1924. The total amount which the board ever received for the time warrants is the sum of $15,000.

About the time the warrants were delivered to the bank, the bank was indebted to the Union Trust Company of Baltimore in the sum of $15,000 and it hypothecated the 25 time warrants of the aggregate face value of $25,000 with the Union Trust Company as security for the indebtedness.

The board paid the time warrants which fell due on September 1, 1928, leaving outstanding in the hands of the Union Trust Company warrants nos. 6 through 10 which fell due on September 1, 1933 (to which were attached interest coupons nos. 10 through 20 falling due on September 1, 1928 to September 1, 1933) ; warrants nos. 11 through 15 maturing on September 1, 1938 (to which were attached interest coupons nos. 10 through 30 falling due from September 1, 1928 to September 1, 1938) ; and warrants nos. 16 through 25 falling due September 1, 1943 (to which were attached interest coupons 8 through 40 maturing from September 1, 1927 to September 1, 1943).

On February 21, 1939 the plaintiff Ed C. Wright purchased the time warrants from the Union Trust Company for the sum of $3,600. Prior to the purchase plaintiff knew that the board had received only $10,000 for the twenty warrants of the aggregate principal amount of $20,000. This is apparent from a telegram which he sent to the Union Trust Company while negotiating for the purchase of the warrants in which he said—"The Sumter County School Board claim that they only received about one-half of the money for which these bonds were issued and that they were hypothecated by someone without authority to hypothecate them."

Chapter 6654, Special Laws of Florida 1913, pursuant to which these time warrants were issued, limits the rate of interest to 6%

per annum payable semi-annually and provides that none of the warrants shall be issued to run for a longer period of time than twenty years, and that each warrant shall be issued upon the common school fund of Sumter County. Section 3 of the Act provides that it shall be the duty of the board and its successors, each year during the time the warrants shall run, to set apart out of the common school fund sufficient money to meet and pay the coupon warrants and interest thereon as the same shall become due. The warrants also provide on their face that they are payable out of the common school fund of Sumter County.

The court finds as a fact that the board never received but $10,000 for the twenty $1,000 time warrants sued upon, aggregating the face amount of $20,000, and that the board is indebted to the plaintiff in the sum of $10,000 principal, as evidenced by the five time warrants for the principal sum of $1,000 each maturing on September 1, 1933 and the five $1,000 time warrants each maturing on September 1, 1938, together with the interest thereon as evidenced by the interest coupons attached to each of the warrants.

These time warrants are payable out of a particular fund only, as reference to the provisions of chapter 6654, Special Laws of Florida 1913, authorizing the issuance thereof and the warrants themselves will disclose. The Florida negotiable instruments law, which is in the main a codification of the law merchant, provides that an instrument to be negotiable must contain an unconditional promise or order to pay a certain sum of money (see section 674.02 F.S.A.) but that an order or promise to pay out of a particular fund is not unconditional (see section 674.04 F.S.A.).

Inasmuch as the warrants sued upon are payable on their face out of the common school fund of Sumter County and not otherwise, they do not conform as negotiable instruments to the requirements of the negotiable instruments law. Said warrants being non-negotiable every transferee and assignee took them subject to the same defenses that the board had against the bank. Sebring v. Skinner (Fla.), 129 So. 759. If the bank had sued on these warrants it could have collected no more than the amount of money which it paid for the same, with lawful interest thereon—and the plaintiff stands in no better position than the bank.

Plaintiff demands judgment for the principal face amount of the warrants, the face amount of the interest coupons and interest on the warrants after maturity and also interest on the interest coupons after maturity.

The court disallows interest on the warrants after maturity and also interest on the interest coupons after maturity because the

statute under which the warrants were issued does not provide for the payment of interest on either the warrants or the coupons after maturity. It is a general rule that the state or its political subdivision is not liable for the payment of interest on debts overdue, except where it has bound itself to do so by statute or lawful contract of its officers within the sphere of their authority, nor is the state liable for the payment of interest by reason of a general statute imposing liability for interest. See 49 Am. Jur. 287. Our Supreme Court applied the rule that the state is not liable for interest on debts overdue unless by the consent and express contract of the state manifested by statute or in the form authorized by statute in Hawkins v. Mitchell, 16 So. 311, Treadway v. Terrell, 158 So. 512, and Board of Public Instruction of Bay County v. Barefoot, 193 So. 823. The well recognized exception to this rule is where the state authorizes the issuance of negotiable instruments under the law merchant, now the Florida Negotiable Instruments Law. See National Bank of Jacksonville v. Duval County (Fla.), 34 So. 894.

It is thereupon considered, ordered and adjudged by the court that the plaintiff Ed C. Wright do have and recover of the defendant, the board of public instruction of Sumter County, the sum of $10,000 as principal and the sum of $4,800 as interest as evidenced by the interest coupons attached to said time warrants, or the aggregate sum of $14,800 principal and interest, together with the costs of this proceeding to be taxed by the clerk of the court, said sums to be paid out of the common school fund of Sumter County, and not otherwise.