SEBRING, Justice
(concurring specially).
This is an appeal by the defendant, Board of Public Instruction of Putnam County, Florida, from a judgment rendered in favor of the plaintiff in a suit brought to recover *771 principal and interest on the following obligations :
(1) Seven Funding Bonds of the Board (par value $7,000) issued July 1, 1925, under the authority of Chapter 11073, Laws of Florida 1925, bearing interest as represented by past due coupons that matured on said •bonds July 1, 1932, and each six months thereafter to the date of the respective maturities of said bonds, and for interest on said past due bonds and coupons since their respective maturities.
(2) Twenty-four High School Bonds of the Board (par value $24,000) issued July 1, 1925, under the authority of Chapter 11074, Laws of Florida 1925, bearing interest as represented by past due coupons that matured on said bonds July 1, 1932, and each six months thereafter to the date of the respective maturities of said bonds, and for interest on said past due bonds and coupons since their respective maturities.
(3) Nineteen “Tax Anticipation Notes” ($19,000) dated July 15, 1929,, all of which matured July 15, 1930, and for interest thereon from the date of their maturities to the date of judgment. (There are no past due coupons attached to those notes.) The notes bear endorsements showing that semi-annual interest was paid to July 15, 1932. They recite that they were issued under the authority of section 458 of the Revised General Statutes of 1920.
To the complaint in the suit the Board filed its answer and amendments thereto, containing the following allegations: that plaintiff acquired the obligations in question, with the interest coupons attached thereto, after default thereon and under such circumstances that he is not a holder in due course; that the alleged issuance and validation of refunding bonds to replace other tax anticipation notes of the issue sued on does not constitute a judicial determination that they are valid and enforcible claims; that the instruments sued on are non-negotiable and plaintiff is charged with knowledge of the limitations of the authority for issuing and paying same; that plaintiff did not accept a refunding proposal made to bondholders in 1937, and did not present any of the instruments or coupons in question for payment either at maturity or thereafter until just prior to this suit; that the instruments and coupons do not include any obligation to pay interest after maturity, and plaintiff is not entitled to recover therefor. A request for jury trial was included in the answer.
On February 8, 1952, the matter came on to be heard on plaintiff’s motion for summary judgment, and the trial court entered an order that “the amount of principal on the bonds and * * * notes * * * in the sum of $50,000.00, be and the same is hereby found to be due,” and “that the case shall now proceed on the question of the right to recover interest * * Pursuant to this order the Board deposited the sum of $50,000 into the registry of the court on February 13, 1952.
Subsequently, on May 1, 1953, a further hearing was had before the trial court “on the plaintiff’s motion for summary judgment as to interest on the securities herein sued upon.” At the conclusion of the hearing the trial court entered a final summary judgment for the plaintiff in the total amount of $129,393.57, representing the face value of the obligations described; the face value of past due coupons attached to the bonds; the interest (not represented by coupons) on the principal of the bonds and notes from their respective maturities at 6 per cent, per annum; and interest on all past due coupons, attached to the bonds, from the date of their respective maturities to the date of judgment at the rate of 8 per cent, per annum on those maturing prior to the enactment of Chapter 22745, Laws of Florida, on May 29, 1945, F.S.A. § 687.01, and 6 per cent, on those maturing after that date.
The questions raised by the Board on this appeal relate only to the lower court’s denial of a jury trial to the Board on the issue of whether or not the plaintiff should be awarded interest after the respective maturity dates of the various underlying obligations and interest coupons sued on; the court’s determination that, as a matter of law, interest should be allowed on the *772 interest coupons attached to the bonds after maturity; and the court’s ruling that interest was allowable on the “Tax Anticipation Notes” after their maturity.
We think it may be stated, as a general proposition, that bonds of the character here involved are governed by the rule that “contracts for the payment of money bear interest after maturity, though silent on the subject, unless there is an express stipulation to the contrary.” Myrick v. Battle, 5 Fla. 345; Jefferson County v. B. C. Lewis & Sons, 20 Fla. 980; Jefferson County v. Hawkins, 23 Fla. 223, 2 So. 362; Treadway v. Terrell, 117 Fla. 838, 158 So. 512. The Board contends on this appeal that even assuming this general proposition to be applicable, there exists no absolute right to interest so as to make its ascertainment a mere matter for mathematical calculation by the court, but that it is an item that is allowable only as an element of damages, which, like all other elements of damages, must be ascertained by the jury and assessed by the jury in its verdict.
Whatever the rule may be in other circumstances, we think it is immaterial, upon the record in this cause, whether interest should be allowed as a true incident of the contract claim or as an item of damages necessitating an assessment by the jury. We have reached this conclusion for the reason that even if interest after maturity may be technically called damages, the Board completely failed, in its answer to the complaint, to allege, by way of a valid defense, any facts that would warrant the withholding of post-maturity interest by either a jury or the court. Therefore, it failed to observe the rule of law that requires of an obligor, who seeks to defeat such a claim, that he allege and prove continued readiness and willingness to pay the sums due on and after the maturity date of the obligation. Greeley v. Whitehead, 35 Fla. 523, 17 So. 643, 28 L.R.A. 286; Panama City v. Free, Fla., 52 So.2d 133; compare Board of Public Instruction for Brevard County v. Osburn, 5 Cir., 101 F.2d 919, a case wherein the defendant properly pleaded the issue. In the absence of proper allegations in the answer, there can be no basis for the introduction of evidence as to readiness to pay, or of laches, lack of diligence or any other factor which might lawfully influence a jury to deny the claim. See Jumper Creek Drainage Dist. v. State ex rel. Davis, 155 Fla. 669, 21 So.2d 459. Consequently there can be nothing on a factual basis to submit to a jury.
The second question to be decided is whether the trial court committed reversible error in allowing interest on the interest coupons attached to the funding bonds and the high school bonds after their respective maturity dates.
By the great weight of authority, and under the Florida decisions relating to interest on interest coupons attached to bonds, interest is allowed after the respective maturity dates of the coupons. Jefferson County v. Hawkins, supra; Trustees of Internal Improvement Fund v. Lewis, 34 Fla. 424, 16 So. 325, 26 L.R.A. 743; Panama City v. Free, supra. While in this regard the rule applicable to such coupons constitutes an apparent exception to the general rule against “interest on interest,” it is applied on the theory that each matured coupon is a separate promise and gives rise to a separate cause of action. It is designed to be severed from the bond and sold by itself. It is intended to pass from hand to hand as an independent obligation. Each coupon provides for the payment of a specific sum constituting accrued interest before the principal debt becomes due. Each coupon contains an independent agreement to pay an exactly stated sum at a specifically designated time. Consequently, the promise to pay each coupon is as distinct from that to pay the bond as though the two promises were written in different instruments upon separate paper. Philadelphia & Reading R. Co. v. Smith, 105 Pa. 195; Nesbit v. Independent District of Riverside, 144 U.S. 610, 12 S.Ct. 746, 36 L.Ed 562. Jones on Bonds and Bond Securities, 4th Ed., Vol. II, section 735.
The Board makes some contention that the high school bonds involved in this litigation are non-negotiable and that consequently the foregoing reasoning to support *773 the conclusion that coupons attached to negotiable bonds are independent obligations, upon which interest runs after maturity, is not applicable in the case of the nonnegotiable coupons in question.
We find some support for the view taken by the Board, that interest on interest coupons attached to non-negotiable bonds will not run after maturity, but our examination of the authorities fails to reveal to us any persuasive reasoning or wide-spread rule on the subject. Mississippi Valley Trust Co. v. Oklahoma Ry. Co., 10 Cir., 156 F. 2d 283, citing United States Mortgage Co. v. Sperry, 138 U.S. 313, 11 S.Ct. 321, 34 L.Ed. 969. But however that may be, we are not persuaded that the bonds in question are non-negotiable.
In support of its contention it is first argued by the Board that the high school bonds are non-negotiable because Chapter 11074, Laws of Florida 1925, the statute under which their issuance was authorized, contains no express declaration that the bonds shall be negotiable.
In respect to this argument, we have the view that the negotiability of any instrument such as is here involved is determined by the presence, or absence, of the legal elements of negotiability rather than by any declaration as to its nature. Section 674.02, Florida Statutes 1951, F.S.A.; Brannan’s NIL, 6th Ed., p. 113; Williston Neg.Instr. (Am.Inst. Banking, 1931) p. 11. Furthermore, as a general rule, “in order to exclude the power to issue bonds invested with the character of negotiability, there must be an express exclusion * * * [otherwise] authority to issue negotiable bonds will be inferred and construed.” Jones, supra, Vol. I, section 286; Board of County Commissioners of City and County of Denver v. Home Savings Bank, 236 U.S. 101, 35 S.Ct. 265, 59 L.Ed. 485.
In further support of their contention it is argued by the Board that the high school bonds issued under Chapter 11074, supra, are non-negotiable because they are payable from a particular fund.
While it is the rule that an order or promise to pay an instrument only out of a particular fund renders the instrument non-negotiable, it is equally the rule that a mere “indication of a particular fund out of which reimbursement is to be made” does not affect negotiability. Section 674.-04, Florida Statutes 1951, F.S.A.
Chapter 11074, Laws of Florida 1925, provides only that “it shall be the duty of the Board * * * to levy annually a tax * * * [which] shall be a part of the tax provided for by Section 8 of Article 12 of the Constitution of the State of Florida, said tax to be levied for the purpose of paying the interest when due and creating a sinking fund * * * said fund shall be subject to the control of the County Board of Public Instruction * * * for the sole purpose of paying the interest due on said bonds and retiring the same at their maturity.”
We are of the opinion that the foregoing language plainly comes within the rule that a statutory authorization for levy of a tax and the creation of a sinking fund, in order to provide an orderly system for the repayment of bonds, does not constitute a mandatory restriction on the source of payment and does not render the bonds nonnegotiable if they are issued as general obligations of the maker. 43 Am.Jur., Public Securities and Obligations, section 163; Keck v. Yakima Savings & Loan Ass’n, 160 Wash. 430, 295 P. 483, and other cases in annotation 42 A.L.R. at page 1031; see also section 674.04, Florida Statutes 1951, F.S.A.
The pertinent clause of the high school bonds issued pursuant to Chapter 11074 is that “for the prompt payment hereof, both principal and interest * * * the full faith, credit and resources of the Board of Public Instruction * * * are hereby irrevocably pledged * * This pledge is valid and effective to make the instruments general obligations of the Board, and effectively disposes of any contention that the promise is conditional because payment of the bonds is to be made only out of a particular fund. State v. *774 Citrus County, 116 Fla. 676, 157 So. 4, 97 A.L.R. 431.
The final point raised by the Board on this appeal is that the “Tax Anticipation Notes” sued on are, in fact, nothing more than time warrants, which do not draw interest after maturity, because they are payable only when, and if, there is sufficient money in the particular fund on which they are drawn. See Marshall v. State ex rel. Sartain, 88 Fla. 329, 102 So. 650; National Bank of Jacksonville v. Duval County, 45 Fla. 496, 34 So. 894.
As appears on their face, the obligations in question were issued under the authority of section 458, Revised General Statutes of 1920, which provides as follows: “That when there is no money in the county school fund applicable to the payment of outstanding school warrants issued by any county board of public instruction in this state, [said] county boards * * * are hereby authorized and empowered to borrow money at a rate of interest not to exceed eight per cent, per annum, for the purpose of paying all such outstanding warrants * *
It is clear that, except for the limitation as to the rate of interest, the statute contains no limitation on the character of the obligation authorized or the particular fund from which it is to be paid. The “Tax Anticipation Notes” in this case irrevocably pledge for the payment of the principal and the interest thereon at the rate of six per cent, per annum not only the anticipated tax receipts for the year 1929, including all funds derived from gasoline taxes, but also “all other resources of the said Board * * * »
Under our former decisions, such obligations have been held lawful and interest has been allowed after maturity. Board of Public Instruction for Bay County v. Barefoot, 140 Fla. 429, 193 So. 823; Board of Public Instruction for LaFayette County v. First National Bank of Gainesville, 111 Fla. 4, 143 So. 738, 149 So. 213. In the face of these decisions, it cannot be successfully contended that the said obligations are mere time warrants upon which interest is not recoverable.
From the conclusions reached it follows that the judgment appealed from should be affirmed.
ROBERTS, C. J., agrees to conclusion.
HOBSON and DREW, J J., concur.