Dewey R. Burnsed Attorney Leesburg
QUESTIONS:
1. Is the State of Florida immune from paying late charges on municipal utility bills?
2. Does the municipality have the right to cut off a state agency's electricity upon failure to timely pay for said services?
SUMMARY:
In the absence of any specific statutory provision or contractual agreement authorizing a municipality to charge the State of Florida a late fee for failure to timely remit payment of utility services provided by the municipality, or authorizing the municipality to discontinue said services for failure to pay, the State of Florida is deemed to be immune from such sanctions, said immunity being considered an `attribute of sovereignty' implied by law.
These questions must be answered in the negative.
Initially, it should be pointed out that the Florida Supreme Court has held that municipally owned utilities are not subject to regulation by the Public Service Commission. Justice Thornal, speaking for the majority of the court, detailed the scheme of regulation of utilities, as follows:
 The established state policy in Florida is to supervise privately-owned electric utilities through regulation by a state agency. By the same policy municipally-owned electric utilities are expressly exempted from state agency supervision. Fla. Stat. s. 366.11 (1967) F.S.A. . . . . Under Florida law, municipally-owned utilities enjoy the privileges of legally protected monopolies within municipal limits . . . . [Storey v. Mayo, 217 So.2d 304, 307 (Fla. 1968), cert. denied, 395 U.S. 909.]
Thus, the regulations promulgated by the Florida Public Service Commission, Ch. 25, Florida Administrative Code, may not be looked to in answering your questions.
The Legislature has, however, specifically authorized municipally owned electric utilities to establish rates and methods of collection for the services which they provide. Section 180.13(2), F. S., reads as follows:
 (2) The city council, or other legislative body of the municipality, by whatever name known, may establish just and equitable rates or charges to be paid to the municipality for the use of the utility by each person, firm or corporation whose premises are served thereby; and provided further, that if the charges so fixed are not paid when due, such sums may be recovered by the said municipality by suit in a court having jurisdiction of said cause or by discontinuance of service of such utility until delinquent charges for services thereof are paid, including charge covering any reasonable expense for reconnecting such service after such delinquencies are paid, or any other lawful method of enforcement of the payment of such delinquencies.
Although the State of Florida is not specifically exempted from the grant of regulatory authority to municipalities in s.180.13(2), F. S., the great weight of authority recognizes such an exemption or immunity as an attribute of sovereignty.
The general principle of law applicable hereto is that a state is not liable to pay interest on its debts, unless its consent to do so has been manifested by an act of its legislature, or by a lawful contract of its executive officers. United States v. North Carolina, 136 U.S. 211 (1890).
The Florida Supreme Court has held that the state is immune `from liability for interest payments not assented to . . .' as `an attribute of sovereignty and is implied by law for the benefit of the State. . . .' Treadway v. Terrell, 158 So. 512 (Fla. 1935). This same principle of law has been found to be applicable to governmental units of the state. Board of Public Instruction v. Barefoot, 193 So. 823 (Fla. 1939).
At common law, delay in payment could not be attributed to the sovereign, and liability for interest on that account could not be imposed as against the sovereign. Yancy v. North Carolina State Highway and Public Works Commission, 22 S.E.2d 256. The theory upon which this rule is based is that delay or default cannot be attributed to the government, which is presumed to be always ready to pay what it owes. The apparently favored position of the government in this respect has been declared to be demanded by public policy. Boxwell v. Department of Highways, 14 So.2d 627;see also Bankers Bond Co. v. Buckingham, 97 S.W.2d 596.
Applying the rationale of the above-cited case law, it would appear that there is no authority for the City of Leesburg to charge the State of Florida a late fee for its failure to timely remit payment for utility services provided by the municipally owned utility. Furthermore, while there is no case law on point, this same rationale espoused by the courts would operate to preclude the discontinuance of utility service to the State of Florida for its failure to timely remit payment.
Prepared by: Edwin J. Stacker, Assistant Attorney General