WALTER D. PAYNE, *Plaintiff in Error,* v. NORRIS McELYA, *Defendant in Error.*

En Banc.

Opinion Filed December 19, 1925.

1. There is no award upon which final judgment can be entered unless the requirements of the statute shall have been substantially complied with.

2. When any award has been *entered of record,* so much thereof as decrees the payment of money becomes in effect a final judgment to which writ of error may be taken.

3. The record must affirmatively show that the statement and the award or notice of entry of the award were entered of record as the law requires before jurisdiction attaches either to the arbitrators or the court that the money part of the award may become a final judgment.

Motion to dismiss Writ of Error granted.

*Worth W. Trammell* and *Garland Hale*, Attorneys for Plaintiff in Error;

*Evans* and *Mershon*, Attorneys for Defendant in Error.

TERRELL, J.—The parties hereto agreed to submit to arbitration certain differences with reference to the dissolution of a partnership previously entered into by them. There was an attempt to make the arbitration a rule of court as provided in Section 2856, Revised General Statutes of Florida, 1920, but the record does not affirmatively show that the statement therein required was recorded in the minutes of the Court, which is a perequisite to vesting any power in the arbitrators.

It seems that the arbitrators and the umpire were regularly sworn and proceeded to a thorough investigation of the trust imposed in them. At the conclusion of the investigation the arbitrators and the umpire made their unanimous award in writing, which was properly filed, and the parties hereto notified; but it is not made to ·appear that said award was recorded as required by Section 2859, Revised General Statutes of Florida.

Plaintiff in Error in due course moved the Court below to set aside the award, which motion was denied and writ of Error was taken from this Court. Defendant in error now moves to dismiss said writ of error because: (1) it was not prosecuted from a final judgment; (2) it was not made returnable to a day within the time re-

quired by law; (3) it was not recorded in the minute book of the lower court within ten days of its issuance; (4) it does not appear that it was filed in the court below; and (5) it was not recorded in the minute book of the court below as the law directs.

This Court has repeatedly held that there is no award upon which a final judgment can be entered unless the requirements of the Statute shall have been substantially complied with. Readdy v. Tampa Electric Co., 51 Fla. 289, 41 South. Rep. 535; Johnson v. Wells, 72 Fla. 290, 73 South. Rep. 188.

Section 2863, Revised General Statutes of Florida, provides that if any award be *entered of record* so much thereof as decrees the payment of money by either party shall have the force and effect of a judgment *from the day of entering said award,* upon which execution may be issued as in cases of judgment duly entered. We take this statute to mean that when any award has been *entered of record,* so much thereof as decrees the payment of money becomes in effect a final judgment to which writ of error may be taken.

The award here complained of decreed in part the payment of a certain sum of money by plaintiff in error to defendant in error. The writ of error sent up, though not copied in the transcript, when read in connection with the assignments of error discloses that it (the writ of error) was taken to the order denying the motion to set aside the award. It is also shown that it was filed, made returnable and was recorded as the law requires. The record does not affirmatively show however that the statement, the award or notice of entry of the award were entered of record as the law requires, all of which are necessary prerequisites to jurisdiction and to confer power on the arbitrators and to make the award or the money part of it a final judgment. Ready v. Tampa Electric Co. *supra.*

It appears that these instruments were duly filed, but this showing is not at all conclusive that they were "entered of record," and until so entered of record execution cannot be entered against the money part of the award, nor does it become a final judgment to which writ of error may be taken.

The motion to dismiss the writ of error is therefore granted.

Brown, C. J., and Whitfield, Ellis, Strum and Buford, J. J., concur.