C. B. TREADWAY, et al., constituting the State Road Department, v. GLENN TERRELL, Umpire, et al., as a Board of Arbitration.

158 So. 512.

En Banc.

Opinion Filed January 4, 1935.

*Roy P. Hamlin, B. A. Meginnis, Paul Carter* and *Waller & Pepper,* for Petitioners;

*Henry P. Adair, Clarence G. Ashby,* and *John M. Mc-Nutt,* for Respondents;

*J. Turner Butler, George C. Bedell* and *Robert H. Anderson,* as *amici curiae.*

## STATEMENT.

WHITFIELD, P. J.—The following organic provision, statutes and proceedings are pertinent to the matters involved in this clause:

"Provision may be made by general law for bringing suit against the State as to all liabilities now existing or hereafter originating." Sec. 22, Art. III, Constitution; State, *ex rel.,* v. Love, 99 Fla. 333, 126 So. 374.

"Chapter 15022 (No. 384).

"An Act Authorizing Suits at Law and in Equity to Be Brought and Maintained Against the State Road Department of the State of Florida on Any Claim Which Has Arisen Since June 7, 1923, Under Contract for Work Done or Which May Hereafter Arise Under Contract for Work Done and Limiting the Time in Which Suits May Be Brought, and Providing That Such Suits Against Said State Road Department Shall Be Cognizable Only in the Courts of the State of Florida and Providing How Process Shall Be Served Upon Said State Road Department.

"*Whereas,* Chapter 9312, Laws of Florida, Acts of 1923, entitled 'An Act relating to the State Road Department imposing certain duties upon said Department and conferring certain powers upon the same,' approved June 7, 1923, in and by Section 4 thereof, provided that suits at law and in equity might be maintained against the State Road Department on any claim arising under contract for work done; and,

"*Whereas,* the Supreme Court of Florida, by its opinion filed February 14, 1930, did determine that the authority so conferred by said Section 4 of said Act to maintain such suits was not expressed in the title to said Act, and that for that reason the authority so granted by said Act to maintain such suits was ineffectual; and,

"*Whereas,* the intention of the Legislature in and by Section 4 of said Act was to authorize such suits to be brought against the said State Road Department in the manner and form therein stated from and after the time when said Chapter 9312, Laws of Florida, took effect, and it is in the public interest that such legislative intent should be effective, notwithstanding the said defect in the title to said Chapter 9312, Laws of Florida, Acts of 1923; Now, therefore,

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1. Suits at law and in equity may be brought and maintained against the State Road Department of the State of Florida on any claim which has arisen since June 7, 1923, under contract for work done, or which may hereafter arise under contract for work done. A claim shall be deemed to have arisen since June 7, 1923, in any instance where the work done was completed after said date. Provided, that no suit sounding in tort shall be maintained against the said State Road Department.

"Section 2. Suits against the State Road Department under this Act upon any claim arising prior to the time when this Act shall become a law can only be commenced within one year from and after the time when this Act shall become a law.

"Section 3. Suits against the State Road Department under this Act upon any claim arising after the time when this Act shall become a law can only be commenced within two years from and after the completion of the work done.

"Section 4. All actions and suits brought against the State Road Department under the provisions of this Act shall be cognizable only in the courts of the State of Florida. Service of process in suits against said Department shall be made upon the Chairman of the said State Road Department, or, in his absence, upon two other members of said Department.

"Section 5. This Act shall take effect upon its becoming a law.

"Became a law without the approval of the Governor." (Chapter 15022, Acts of 1931.)

Provisions of the Compiled General Laws:

"All parties to any controversy before or after suit there-

upon may make a rule of court of any arbitration to which they may desire to submit such controversy." Sec. 4552 (2855) C. G. L.

"An arbitration may be made a rule of court by the parties filing in the court which would have jurisdiction of the controversy if it were not submitted to arbitration, a statement in writing signed by each party of the agreement of matters to be submitted to arbitration, and the name of the arbitrator or arbitrators, and an umpire selected by them. The clerk of the court (or the court if it have no clerk) shall record said statement in the minutes of the court, and thereupon the arbitrator or arbitrators and umpire shall have the powers hereinafter specified." Sec. 4553 (2856) C. G. L.

"The award shall be in writing, signed by a majority of the arbitrators, or arbitrators and umpire, shall state the adjudication in full, and shall be filed and recorded in the court of which the arbitration is a rule." Sec. 4556 (2859) C. G. L.

"If any award be entered of record, so much thereof as decrees the payment of money by either party shall have the force and effect of a judgment from the day of entering said award, upon which execution may be issued as in cases of judgment duly entered; and so far as the award relates to the performance of any other lawful act, the party failing to comply with said award shall be considered in contempt, and by the order of court shall be committed to prison, there to remain without bail until he shall comply with the order of the court in the premises." Sec. 4560 (2863) C. G. L.

In Prohibition proceedings it appears that the following declaration was filed December 7, 1931, and other proceedings had.

"IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIR-
CUIT OF FLORIDA IN AND FOR LEON COUNTY, FLORIDA. No.
1884.

"C. F. LYTLE, Plaintiff, v. THE STATE ROAD DEPART-
MENT OF THE STATE OF FLORIDA, Defendant.

"ACTION AT LAW, DAMAGES $250,000.00.

"DECLARATION.

"C. F. LYTLE, plaintiff by Knight Adair, Cooper & Os-
borne, his undersigned attorneys, sues THE STATE ROAD
DEPARTMENT OF THE STATE OF FLORIDA, defendant herein,
for:

"1. Money payable by the defendant to the plaintiff for
work done and materials furnished by the plaintiff for the
defendant at the defendant's request.

"2. And for a second count the plaintiff sues the de-
fendant for money payable by the defendant to the plaintiff
for money paid by the plaintiff for the defendant at the
defendant's request.

"3. And for a third count the plaintiff sues the defendant
for money payable by the defendant to the plaintiff for
money received by the defendant for the use of the plaintiff.

"4. And for a fourth count the plaintiff sues the defend-
ant for money payable by the defendant to the plaintiff for
money found to be due from the defendant to the plaintiff
on accounts stated between them.

"5. And for a fifth count the plaintiff sues the defendant
for that heretofore on, to-wit, the 2nd day of March, A.
D. 1925, by contract bearing said date made by and between
the plaintiff and the defendant, a copy of said contract being
filed herewith and marked 'Exhibit A' and made by refer-
ence a part hereof, the plaintiff agreed to do certain work
(hereinafter referred to as 'said work') by furnishing the
materials and performing the labor described and specified

in said contract, including such extra work as might be deemed necessary or desirable by said defendant to complete fully the work as contemplated by said contract, for and in consideration of the payment by the defendant to the plaintiff of the sums of money described and specified in and by said contract at the times specified in said contract, that thereafter the plaintiff did all of 'said work' and the same, having been theretofore approved by the Engineer of the defendant according to said contract, was, prior to the commencement of this suit, duly and finally accepted by the defendant; that the amount which became due and payable by the defendant to the plaintiff for 'said work' so done as aforesaid was the sum of One Million, Sixty-six Thousand Five Hundred Thirty-four and 74/100 Dollars ($1,066.-534.74) and the defendant became and was indebted to the plaintiff in said sum therefor; and although the plaintiff has performed all conditions prescribed on his part, and all events have happened, and all times have elapsed, to entitle the plaintiff to the payment of said sum, and the plaintiff has often requested the defendant to pay the same, yet the defendant has not paid said sum or any part thereof, except the sum of Eight Hundred Fifty-six Thousand, Five Hundred Thirty-four and 74/100 Dollars (856,534.74) paid by the defendant to the plaintiff on or prior to the 18th day of July, A. D. 1927.

"And the plaintiff claims Two Hundred Fifty Thousand Dollars ($250,000.00).

"KNIGHT, ADAIR, COOPER & OSBORNE,
"Attorneys for Plaintiff."

"Bill of Particulars Hereto Attached.
"Copy of Contract sued upon filed herewith."
"The State Road Department of the State of Florida, Dr.
"To C. F. LYTLE.

"Amount owing on construction of bridge across Manatee River between Bradenton and Palmetto arising from non-payment for one-third of the contents of concrete seals in coffer-dam in construction of piers for bridge............................................$    35,000.00

"Balance owing C. F. Lytle because of his not not having received full payment for concrete construction in piers and abutments of bridge across Manatee River built for the State Road Department.........................    35,000.00

"Balance owing C. F. Lytle because of his the building and construction of piers and abutments in bridge across Manatee River without the use of concrete seals in coffer-dams..............................................  125,000.00

"Amount owing C. F. Lytle for reduction of the height of surface of roadway on bridge across Manatee River after being constructed to grade for the State Road Department, the reduction being made on its requisition.....................................    5,000.00

"Amount owing for cost of polishing all concrete in bridge across Manatee River built for State Road Department.........................    10,000.00

"Amount owing to C. F. Lytle for moneys erroneously charged to him for freight on materials not ordered or used by him in construction of road known as project 636    3,300.00

"Total Amount Due............................ $ 213,300.00

"BILL OF PARTICULARS AS TO FIRST, SECOND, THIRD AND FOURTH COUNTS OF DECLARATION.

"The State Road Department of the State of Florida, Dr.

"TO C. F. LYTLE.

"To amount due by the defendant, the State
Road Department of the State of Florida,
to the plaintiff, C. F. Lytle, for complete
performance by said plaintiff of contract
dated March 2nd, 1925, hereto attached
as 'Exhibit A,' made between said parties $1,066,534.74
"By amount paid by defendant to plaintiff on
account of the foregoing indebtedness.... 856,534.74

"Balance due by defendant to plaintiff............. $ 210,000.00

"BILL OF PARTICULARS AS TO FIFTH COUNT OF THE
DECLARATION.

"AGREEMENT.

"THIS AGREEMENT, made and entered into this 18th day
of April, A. D. 1933, by and between C. F. LYTLE, of Sioux
City, Iowa, party of the first part, and the STATE ROAD
DEPARTMENT OF THE STATE OF FLORIDA, party of the second
part.

"WITNESSETH:

"A.  *That Whereas,* certain sums are claimed by the
party of the first part to be due to him by the party of the
second part for and in connection with the construction by
the party of the first part of a bridge over and across Man-
atee River in Manatee County, Florida, and also for and
in connection with the construction of a certain road known
as Project 636, and a certain cause is now pending in the
Circuit Court of Leon County, Florida, for the recovery of
said sums; * * *

"Now, THEREFORE, IT IS AGREED BY AND BETWEEN SAID
PARTIES AS FOLLOWS:

"2.  That said action at law shall be continued and all
proceedings stayed except such as may be necessary to carry
out this Agreement, under the statutes of the State of

Florida, and that all legal claims, demands and accounts in dispute between the parties arising under contract for work done, including the quantity and value of the work, if any, done by the party of the first part, and all matters involved in said action at law arising under contract for work done shall be submitted for final disposition, adjustment and settlement to a Board of Arbitration to be composed of two Arbitrators and an Umpire;

"3. That the Arbitrators shall be C. Moriarity, now or lately of the City of Des Moines, State of Iowa, who has been selected as an Arbitrator by the party of the first part, and P. L. Wilson, of the City of Miami Beach, State of Florida, who has been selected as an Arbitrator by the party of the second part, and the Umpire shall be Judge Terrell, who has been jointly selected as Umpire by the parties hereto, and all legal claims, demands and accounts in dispute between the parties arising under contract for work done, including the quantity and value of the work, if any, done by the party of the first part and all legal matters involved in said action at law arising under contract for work done are hereby referred to the arbitration of said Board, and the submission to arbitration is hereby made a rule of the Circuit Court for Leon County, Florida, under the statutes of the State of Florida as in such cases made and provided;

"4. That the said Arbitrators and Umpire shall go carefully into the merits of each item of said claims, demands and accounts arising under contract for work done, including the quantity and value of the work, if any, done by the party of the first part, and into all matters involved in said action at law, and shall have full and complete power, authority and jurisdiction to hear and determine any and all disputed matters, accounts, causes of action, claims or demands between the parties hereto arising under contract

for work done as fully and completely as the same might be heard and determined by a court of law or equity on appropriate pleadings duly filed in due course in any proper action or suit instituted for that purpose, and shall call for such evidence as they shall deem necessary to a proper determination thereof;

"5.   This Arbitration Agreement and the authority of the Board of Arbitration provided for herein shall extend to and include an award upon any lawful set-off or counter claim presented by the State Road Department arising out of the project herein mentioned; * * *

"10.   After a full and careful consideration of the claims asserted and all matters involved in said action at law the said Board of Arbitration shall make report of its findings, which said report shall be final and conclusive, and shall be binding upon the parties hereto, and shall be fully performed by the said parties, subject to right of writ of error by either party.

"11.   A decision of the two Arbitrators, or a decision by one of the Arbitrators and the Umpire, shall be deemed a decision of the Board, but no decision shall be rendered, except at a meeting of the said Board duly called for that purpose, or except with the knowledge of all members of said Board.

"12.   When the said Board of Arbitration shall reach its decision it shall execute an award thereon in duplicate, and one copy of said award shall be delivered to the attorneys for each party, and either party shall, upon five (5) days notice to the other, be entitled to move the above entitled Court for the entry of a judgment in said cause now pending in said court for the amount of such award, if any, as may be made, and judgment shall be entered in said cause in accordance with the statutes of the State of Florida in such cases made and provided, it being the intention of the

parties hereto that this agreement shall be made a rule of court in accordance with the provisions of the statutes of the State of Florida. * * *

"In Witness Whereof, the said party of the first part has hereunto set his hand and seal, and the party of the second part has caused these presents to be executed by its Chairman and Secretary and has caused its seal to be hereunto affixed, the day and year first above written.

"C. F. Lytle (Seal),

"Party of the First Part.

"State Road Department of the State of Florida,

"By C. B. Treadway, Its Chairman,

"Party of the Second Part.

"Attest: Its Secretary.

"(Seal)."

The award was as follows:

| | |
|---|---|
| Allowance on Item One | $28,846.72 |
| Allowance on Item Two | 29,239.84 |
| Item Three is disallowed. | |
| Allowance on Item Four | 3,480.00 |
| Item Five is disallowed. | |
| Allowance on Item Six | 3,300.00 |
| Total allowed | $64,866.56 |
| From this total allowance is deducted the State Road Department's counter claim of | 11,179.19 |
| Leaving a net allowance of | $53,687.37 |

"Interest on the amount awarded is allowed at the rate of six per cent. per annum from July 18, 1927, to date of entry of the judgment and from the latter date at the same rate to date of payment.

"In the matter of allowing interest on the award from July 18, 1927, to date of entry of the judgment, the arbitrator, Mr. P. L. Wilson, dissents and does not agree to. The views as expressed herein with reference to interest are those of the arbitrator, Mr. C. Moriarity, and the umpire, Glenn Terrell. All other matters discussed herein are the unanimous expression of both the arbitrators and the umpire."

A rule in Prohibition was issued by this Court, having reference to the power of the Board of Arbitration to award interest against the State Road Department, a State agency.

Motions were made by the umpire and by C. Moriarty, one of the arbitrators, and by the respondent, C. F. Lytle, to quash the Rule in Prohibition upon grounds:

"(a) That it appears from said Rule to Show Cause that the said Board of Arbitration had the power and it was its duty under Chapter 15022, Laws of Florida, 1931, to allow and award the interest which it has allowed in its opinion and decision and awarded by its award.

"(b) That it was the purpose of said Chapter 15022, Laws of Florida, 1931, to make the State Road Department amenable, except as to actions sounding in tort, for any claim arising under contract for work done to the same extent that the respondent, C. F. Lytle, is now amenable under like circumstances and thereby to place said respondent and the State Road Department on the same level as to actions at law or suits in equity within the scope of said Act.

"(c) That said Board of Arbitration in and by its opinion and decision and in and by its award has allowed a counter claim of the State Road Department against the respondent, C. F. Lytle, and in the allowance thereof has allowed interest upon such counter claim.

"(d) That it appears from said Rule to Show Cause that

the provisions of the Agreement of Arbitration clothed said Board of Arbitration with discretion to allow interest, if in the judgment of said Board such allowance was necessary to compensate said respondent, C. F. Lytle, for the injury by him sustained, and said Board has made such determination.

"(e) That under the Agreement of Arbitration and the Statute Laws of the State of Florida, to-wit, Sections 2855-2863, Revised General Statutes of 1920 (Sections 4552-4560, Compiled General Laws, 1927,) upon which the said Agreement of Arbitration is founded, the said Board of Arbitration had the power to allow the demand of said respondent, C. F. Lytle, for interest in the event that such Board in its discretion should determine that such allowance should be made as or for any part of the just compensation of said respondent, C. F. Lytle, for his claims, and such discretion has been affirmatively exercised by said Board.

"(f) That it appears from said Rule to Show Cause that the allowance of interest by said Board of Arbitration in and by its said opinion and decision and in and by its said award was proper."

By answer, the respondent, C. F. Lytle, avers:

"That said suit was instituted by this respondent to recover of and from said State Road Department upon the claims of this respondent arising under contract for work done after June 7th, 1923, to-wit, the construction of the said bridge and road referred to in said paragraph 1 of said Rule. That said work was completed and accepted prior to July 18th, 1927, and demand for the payment of the sums due the respondent were made by respondent on and prior to July 18th, 1927, and said State Road Department then and there and thenceforward refused to pay all or any part

of said claims of this respondent and denied liability for all or any part of them. * * *

"That at all times since said July 18th, 1927, this respondent has diligently sought to obtain a hearing upon the merits of his said claims and from the very beginning has been ready and willing to submit them to any disinterested board or tribunal for their determination, and repeatedly since July 18th, 1927, has made known such willingness to said State Road Department. But throughout said period the said State Road Department has denied the validity of said claims and all obligations of said State Road Department to pay the same, or any part of them, and refused to submit the merits of them to any court or other tribunal until the time when the said Arbitration Agreement dated April 18th, 1933, was negotiated between the respondent and the said Department. * * *

"This respondent denies * * * that the said interest upon principal sum from July 18, 1927, or any part thereof, was allowed to this respondent by said Board of Arbitration of its own motion. And on the contrary avers the fact to be that the said interest was allowed to this respondent by said Board of Arbitration after a full hearing and opportunity to be heard and after briefs had been duly filed by this respondent asserting that interest ought to be allowed and awarded, and by said State Road Department asserting that no such interest, and no interest, ought to be allowed or awarded, and after such matter had been duly submitted to said Board of Arbitration by both parties for decision. * * *

"And this respondent denies all of the allegations of said Rule save those herein admitted to be true."

A separate answer was filed by P. L. Wilson, one of the arbitrators, in which he stated the grounds of his dissent as to the allowance of interest on the amount of the award.

WHITFIELD, J. (after making the foregoing statement).— A writ of prohibition is here sought to restrain a Board of Arbitration from entering a judgment under the statute to become the judgment of the Circuit Court, predicated upon an award, insofar as it requires the State Road Department, a State agency, to pay interest on the net amount of an award from the date on which such amount should have been paid for work done under contract with the State Road Department, upon the ground that no statute authorizes a judgment against the State for interest on the claims in litigation. No question of liability of the State in an action for tort is involved here.

"A State is not liable to pay interest on its debts, unless its consent to do so has been manifested by an Act of its Legislature, or by a lawful contract of its executive officers." United States v. North Carolina, 136 U. S. 211, 10 Sup. Ct. 920, 34 Law Ed. 336.

Where an award of interest against the State would be invalid, it may be so adjudged by the trial court or on appeal. See Hawkins v. Mitchell, 34 Fla. 405, 16 So. 311. See also Board of Public Instruction v. Kennedy, 109 Fla. 153, 147 So. 250; 59 C. J. 297.

If under the law interest may be adjudged against the State agency in some classes of cases and not in others, the writ of prohibition should not issue unless it is shown that under the law and the facts there is no jurisdiction to award interest against the State agency in the case being considered; and if all the facts under which the claim for interest is made, are not shown in the record on suggestion for writ of prohibition. the writ should be denied, unless under the law interest cannot be awarded against the State agency in any case of the nature or of the class of the one involved. See Crill v. St. Rd. Dept., 96 Fla. 110, 117, So. 795.

There is no provision in the Constitution or in the statutes of the State expressing the immunity of the State from liability for interest payments not assented to. Such immunity is an attribute of sovereignty and is implied by law for the benefit of the State; and the immunity may be waived in any way that is manifested or authorized by statute, as justice may require to conserve the welfare and honor of the State.

The law contemplates that legal claims against the State shall be paid in due course, and that suits against the State and the payment of interest on claims against the State will not in general be necessary to conserve property rights.

But the law also recognized that the legality of some claims against the State should be adjudicated that justice may be done.

The Constitution authorizes the enactment of general laws "for bringing suit against the State as to all liabilities now existing or hereafter originating." Such laws may authorize suits against the State on any or all liabilities that may arise against the State; and may by intendment authorize an adjudication of claims of liability of the State for interest as a legal incident or a part of claims against the State such as those arising under contract for work done, even though the payment of interest by the State is not *expressly* provided for by statute or in the contract; and the liability of the State for such interest may in proper cases be adjudicated under implied statutory authority, when such adjudication would be legal and just as between private parties, and it is necessary to complete compensation or to the administration of justice under contracts with the State.

Where statutory authority to sue a State is given, the implied immunity of the State from payment of interest

upon obligations of the sovereign State may be waived or the payment of such interest may be impliedly authorized or assented to by the statute; and interest may be awarded on such implied statutory authority when the nature of claims on which suits may be maintained and the object designed in permitting suits against the State or its agencies warrant it.

Where there is statutory authority to sue, not the State generally for matters affecting its sovereign governmental functions, but upon "any claim arising under contract for work done" for a State agency having specific statutory authority to contract for the construction of highways for the State and to pay for the work when done under contract, and there are no pertinent limitations contained in the authority to sue or in other statutes controlling the subject as to payment of interest on debts due on contracts made for the State by its authorized agency, the general principles of liability for interest may be applied in proper cases of contract obligation, where to do so comports with the statutory authority to sue and will do justice in the case consonant with law and equity and the dignity and honor of the sovereign. See Luckenbach S. S. Co. v. Norwegian Barque, The Tehkla, 266 U. S. 328, 341, 45 Sup. Ct. 112, 69 L. Ed. 313; Res Publica v. Mitchell, 2 Dallas (U. S.) 101, 1 L. Ed. 307; Miller v. Robertson, 266 U. S. 243, 45 Sup. Ct. 73, 69 L. Ed. 265; New York & Cuba Mail S. S. Co. v. United States, 16 Fed. (2nd) 945; Commonwealth v. Lyon, 24 Ky. Law. 1747, 72 S. W. 323; Parmenter v. State, 135 N. Y. 154, 31 N. E. 1035; Chicago, St. P., M. & O., Ry. Co. v. Mundt, 56 S. D. 530; Commonwealth v. Collins, 12 Bush (Ky.) 386; 59 C. J. 298; Matter of Burke, 191 N. Y. 437, 84 N. E. 405; 5 C. J. 133; City of Chadron v. State, 115 Neb. 650, 657, 215 N. W. 137.

Interest may be an element of just compensation under a contract. Sullivan v. McMillan, 37 Fla. 134, 19 So. 340, 53 A. S. R. 239; The Griffing Bros. Co. v. Winfield, 53 Fla. 589, 43 So. 687; McMillan v. Warren, 59 Fla. 578, 52 So. 825.

In this case the statute expressly authorizes "suits at law or in equity against the State Road Department of the State of Florida on any claim which has arisen since June 7, 1923, under contract for work done, or which may hereafter arise under contract for work done." The State Road Department is specifically authorized to contract for, and to make such rules and regulations as may be necessary for, the construction and maintenance of roads, highways and bridges. Section 1635 (1195) C. G. L.

Under the above statutory authority a suit may be maintained against the State Road Department involving a claim for interest as a legal incident to claims for amounts past due and unpaid for work done under a contract within the authority of the department to make, when the claim has arisen since June 7, 1923. The Board of Arbitration has jurisdiction to determine such claims under the statutes. Whether the particular claim should be allowed under the statute and the facts, is for the Board of Arbitration to determine subject to authorized review. A claim for interest may be a legal incident to claims against the State that are within the jurisdiction of the Board of Arbitration to determine. In such a case a writ of Prohibition should not be issued to restrain the exercise of jurisdiction in allowing or denying a claim for interest. The judgment rendered may be reviewed in proper appellate proceedings under Section 5, Article V, Constitution. Payne v. McElya, 90 Fla. 900, 902, 107 So. 241.

Interest was not specifically claimed in the declaration

filed in the Circuit Court; but that is not necessary when interest is claimed as an incident to the main claim and the *ad damnum* clause is sufficient to cover the amount of interest claimed. See Seaboard Air Line Railway v. Brown, 77 Fla. 155, 81 So. 107. The proceedings before the Board of Arbitration are not brought here, and a writ of prohibition should not be issued as under the law a proper claim for interest may legally be incidental to the main claims, all arising under contract for work done since June 7, 1923.

In Hawkins v. Mitchell, 34 Fla. 405, 16 So. 311, the statutory authority to guarantee the payment of interest was limited to the payment of interest coupons upon stated bonds issued by certain railroad companies, and the statute did not impliedly authorize the payment of interest from the State Trust Fund after the bonds had matured and the coupons had all been paid.

In National Bank of Jacksonville v. Duval County, 45 Fla. 496, 34 So. 894, 3 Ann. Cases 457, the statutory authority under which county warrants were issued did not contemplate the payment of interest thereon.

In Duval County v. Charleston Engr. & Constrg. Co., 101 Fla. 341, 134 So. 509, there was no authorized contract to pay interest, nor was there any statute specifically allowing suit against the county on "any claim arising under contract for work done" as in this case.

In County of Jefferson v. B. C. Lewis & Sons, 20 Fla. 981, Jefferson County v. Hawkins, 23 Fla. 223, 2 So. 362, the bonds were issued by the county under specific statutory authority, and it was held that interest was payable by the county on its bonds and coupons after they matured, though there was no *express* statutory authority to pay interest after the bonds matured, and no contract to pay interest on matured bonds or on matured and unpaid coupons.

In the five Florida cases last above cited, direct appellate proceedings were invoked to test the validity of awards of interest against the State and the counties.

The statute authorizes suits against the State Road Department on *any* claim arising under contract for work done since June 7, 1933, and the contracts for road and bridge construction which the State Road Department is authorized to make may be of such a nature that the payment of interest on amounts due and unpaid by the State may be necessary to do complete justice between the parties; and, in the absence of a contrary statutory intent, it may be assumed that, in authorizing suits against the State Road Department the statute intends that interest may be adjudged against the State in proper cases where it is necessary to do complete justice and to accomplish the purposes of the statute in authorizing suits against the State on *any* claim arising under contract for work done since June 7, 1923.

No lack of jurisdiction or power to enter a judgment as shown herein to be contemplated, is made to appear; and the rule in Prohibition should be and is hereby ordered to be quashed.

Rule in Prohibition quashed.

DAVIS, C. J., and ELLIS, BROWN and BUFORD, J. J., concur.

TERRELL, J., disqualified.

BROWN, J. (concurring).—The words, "any claim," used in the statute here under consideration, are very broad and comprehensive, and they are only limited by the statute in certain named particulars, viz.: (1) the claim must arise, or must have arisen, (2) against the State Road Department, under a contract for work done, (3) subsequently to June 7, 1933, and (4) it must not be such a claim as would require an action sounding in tort for its recovery. The time within which suits must be brought on such claims is

provided in the Act, and the suits must be such as are cognizable "at law or in equity."

The broad scope of the word "claim" has long been recognized—as far back as the time of Lord Coke, who said that "the word demand is the largest word known to the law, save, only claim." That the word "claim" is broad enough to, and does cover, interest as well as principal, unless the statute had expressly otherwise provided, is plain to my mind. See 11 C. J. 816, *et seq.* In Sullivan v. McMillan, 37 Fla. 134, 145, 19 So. 340, it was held that "Whenever it is ascertained that at a particular time money ought to have been paid, whether in satisfaction of a debt, or as a compensation for a breach of duty, or for a failure to keep a contract, interest attaches as an incident."

There is, therefore, no showing of a lack of power or jurisdiction to impose a judgment or award against the State Road Department for interest, as well as principal.