400 So.2d 1031 (1981)
BROWARD COUNTY, Appellant/Cross-Appellee,
v.
George SATTLER, Appellee/Cross-Appellant.
No. 78-2570.
District Court of Appeal of Florida, Fourth District.
July 1, 1981.
*1032 Harry A. Stewart, Gen. Counsel, and Harry M. Hipler and Allen S. Parish, Asst. Gen. Counsels, Fort Lauderdale, for appellant/cross-appellee.
H.C. Feige of Patterson, Maloney, Blyler & Feige, Fort Lauderdale, for appellee/cross-appellant.
HURLEY, Judge.
George Sattler, a former director of the Broward County Transportation Authority, filed suit against Broward County following his termination from that position without notice. In a two-count complaint filed September 17, 1976, Sattler sought 90-day termination pay and payment for the use of his automobile for official business over a 17-month period. Based on a jury verdict which allowed the termination pay but denied transportation expenses, the trial court entered a final judgment against Broward County which judgment included an assessment for prejudgment interest. Broward County unsuccessfully challenged this assessment by a motion to amend the judgment and now seeks review on appeal. We uphold the assessment.
Broward County alleged three separate bases for its assertion that the trial court erred in assessing prejudgment interest against it: (1) there is no statute or express contract authorizing assessment of interest; (2) interest must be determined by the jury as part of damages; and (3) the claim was unliquidated. We will treat each contention in turn.
Guidelines for the assessment of interest against the state were set out in Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935), and the principles expressed therein have since been held applicable to all political entities. Ed C. Wright & Co. v. Adkins, 152 Fla. 512, 12 So.2d 296 (1943). While the court in Treadway did maintain that the state is not liable to pay interest on its debts absent statute or lawful contract to the contrary, it went on to find that:
The Constitution (article 3, § 22) authorizes the enactment of general laws "for bringing suit against the State as to all liabilities now existing or hereafter originating." Such laws may authorize suits against the state on any or all liabilities that may arise against the state, and may by intendment authorize an adjudication of claims of liability of the state for interest as a legal incident or a part of claims against the state such as those arising under contract for work done, even though the payment of interest by the state is not expressly provided for by statute or in the contract; and the liability of the state for such interest may in proper cases be adjudicated under implied statutory authority, when such adjudication would be legal and just as between private parties, and it is necessary to complete compensation or to the administration of justice under contracts with the state.
Where statutory authority to sue a state is given, the implied immunity of the state from payment of interest upon obligations of the sovereign state may be waived or the payment of such interest may be impliedly authorized or assented to by the statute; and interest may be awarded on such implied statutory authority when the nature of claims on which suits may be maintained and the object designed in permitting suits against the state or its agencies warrant it.
*1033 158 So. at 518.
Relying on the principle that liability for interest may be implied from statutory authorization to sue a governmental entity, we find that despite the absence of a specific authorizing statute or contract, the assessment of prejudgment interest herein may be upheld as being implicitly provided for in the statutory authority to sue the Broward County Transportation Authority (Chapter 69-907, § 6, Laws of Florida, as amended by Chapter 71-561, § 6, Laws of Florida, repealed by Chapter 77-515, Laws of Florida).
As to assessment of interest in a jury trial, we acknowledge the case law which holds that while it is proper to allow recovery of prejudgment interest as part of the damages in a breach of contract action, a judge has no authority to assess such interest when the case was tried by jury and the verdict failed to allow or indicate the desire to allow interest. See, e.g., Aetna Insurance Co. v. Settembrino, 369 So.2d 954 (Fla. 3d DCA 1978); Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192 (Fla. 2d DCA 1976). However, we find that there is no need to submit the question of interest to the jury where the amount of damages is liquidated and the assessment merely requires calculation. See, Plantation Key Developers, Inc. v. Colonial Mortgage Company of Indiana, Inc., 589 F.2d 164 (5th Cir.1979). Moreover, we note that a claim is only unliquidated for purposes or prejudgment interest when the amount of damages cannot be computed except on conflicting evidence, inferences, and interpretations. Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719 (Fla. 2d DCA 1978).
In the instant case, the right to recovery was contested but there was no dispute as to the amount of the compensation sought. Thus, the claim was liquidated and, in contract actions, it is proper to allow interest at the legal rate from the date the debt was due despite an honest and bona fide dispute as to the debt. English and American Ins. Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969). Consequently, we find no error was committed in assessing prejudgment interest against Broward County.
On cross appeal, Sattler argues that he was entitled, as a matter of law, to compensation for his travel expenses. It is not the function of an appellate court to reevaluate evidence and substitute its judgment for that of a jury; rather, if there is any competent evidence to support a verdict, that verdict must be sustained regardless of the opinion on appeal as to its appropriateness. Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla. 1977). Since there was conflicting evidence on this issue, the jury's resolution should not be disturbed.
Accordingly, the judgment appealed from is affirmed in all respects.
LETTS, C.J., and GLICKSTEIN, J., concur.