The Honorable Gerald Lewis Comptroller State of Florida Department of Banking and Finance The Capitol Tallahassee, Florida 32301
Dear Mr. Lewis:
This is in response to your request for an opinion on substantially the following question:
 MAY A STATE AGENCY PAY DELINQUENT FEES TO A PUBLIC UTILITY UNDER TERMS AND RATES WHICH ARE DIFFERENT THAN THOSE PRESCRIBED BY s 215.422, F.S., REGARDLESS OF WHETHER SUCH UTILITY IS REGULATED BY THE PUBLIC SERVICE COMMISSION?
Research by this office and discussions with the legal staff of the Public Service Commission have not revealed any statutes governing the Commission or rules promulgated by the Commission concerning penalty payments or delinquent fees paid for utility services furnished to and used by a state agency. Therefore, no discussion of Public Service Commission regulation on this topic is undertaken herein.
Section 215.422, F.S., provides that vouchers authorizing payment of invoices submitted to state agencies, which are required to be filed with the Comptroller, shall be filed within fifteen days of receipt of the invoice and receipt, inspection and approval of the goods or services. This requirement may be waived by the Department of Banking and Finance on a showing of exceptional circumstances as defined by Rule 3A-20.01(8), F.A.C. In addition, s 215.422, F.S., provides that if a state agency does not mail a warrant in payment of an invoice within forty-five days after receipt of the invoice and receipt, inspection and approval of the goods and services, `the agency shall be liable to the vendor, in addition to the amount of the invoice, for interest at a rate of 1 percent per month or portion thereof on the unpaid balance from the expiration of said 45-day period until such time [as] the warrant is mailed to the vendor.' Section 215.422(3)(b), F.S. State agencies are responsible for initiating `the penalty payments required by [subsection (3)(b)]' and that subsection constitutes their authority to make such payments. Section215.422(3)(b), F.S. If an agency submits an invoice for payment after the forty-five day period has expired, the agency is charged with the responsibility of including the interest penalty and a memorandum explaining the circumstances and authorizing the interest penalty, as part of payment to the vendor. Rule 3A-20.03, F.A.C. It is a basic rule of statutory construction that a legislative direction as to how a thing should be done is, in effect, a prohibition against its being done in any other way, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944), and that the mention of one thing implies the exclusion of another, Devin v. City of Hollywood, 351 So.2d 1022 (Fla. 1976); Thayer v. State,335 So.2d 815 (Fla. 1976). The only statutory provision expressly authorizing payment of penalty payments or `delinquent fees' is the provision of s 215.422(3)(b), F.S., for payment of an interest penalty.
It is a general rule, as to implied or inherent sovereign immunity, that a state is not liable to pay interest on its debts, unless it consents to do so as manifested by an act of the Legislature or by a lawful contract of its executive officers. United States v. North Carolina, 136 U.S. 211 (1890); Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (Fla. 1935). See generally 81A C.J.S. States s 268. In the case of Treadway v. Terrell, supra, the Florida Supreme Court stated that the state is immune from liability for interest payments to which it has not assented and that this immunity is `an attribute of sovereignty and is implied by law for the benefit of the State . . . .' This same principle of law has been found to be applicable to (local) governmental units of the state [except municipalities and certain public corporations, see Broward County Port Authority v. Arundel Corp.,206 F.2d 220 (5th Cir. 1953); Highway Const. Co. of Ohio v. City of Miami, Fla., 126 F.2d 777 (5th Cir. 1942), cert. den.,317 U.S. 643 (1942); City of Miami v. Carter, 105 So.2d 5 (Fla. 1958)]. Board of Public Instruction v. Barefoot, 193 So. 823 (Fla. 1939); AGO 078-165; see also Duval County v. Charleston Engineering and Contracting Co., 134 So. 509 (Fla. 1931); Board of Public Instruction v. Kennedy, 147 So. 250 (Fla. 1933); Dade County v. O.K. Auto Parts of Miami, Inc., 360 So.2d 441 (3 D.C.A. Fla. 1978). At common law, a delay in payment could not be attributed to the sovereign nor could liability on that account for interest be imposed as against the sovereign. The theory upon which this rule is based is that the government is presumed to always be ready to pay what it owes and therefore no default or delay can be attributed to the sovereign. See AGO 078-165, concluding upon this reasoning that a municipality was not authorized to charge the State of Florida a late fee for failure to timely remit payment for utility services provided by a municipally owned utility.
In the Treadway case, supra, the Court indicated that `the general principles of liability for interest may be applied in proper cases of contract obligation . . . .' The Court recognized that immunity from liability for interest payment not assented to is an attribute of sovereignty, but stated that this immunity may be waived in any way that is manifested or authorized by statute. Citing statutory authority to bring suits against the state road department on certain claims and founding its decision on implied authority or assent thereunder, the Court stated that `a suit may be maintained against the state road department involving a claim for interest as a legal incident to claims for amounts past due and unpaid for work done under a contract within the authority of the department to make . . . .' No statute from which it may be implied that a particular agency of the state is authorized to pay or is liable for the payment of delinquent fees or interest penalties has been drawn to the attention of this office. A determination of the implied or contractual liability which may exist between a state agency and any given utility, or any determination based on equitable principles or the administration of justice, would necessarily involve mixed questions of law and fact which cannot be resolved by this office. However, in the absence of facts or provisions establishing an express or implied contractual arrangement between a state agency and a public utility therefor or facts establishing the acquiescence of a contracting state agency to terms providing for or requiring payment of delinquent fees or discontinuance of service for nonpayment of charges for use of the utility or any pertinent statutory limitations controlling such matters, this office cannot opine that a utility is foreclosed from discontinuing service to a state agency for failure to timely remit payment for services rendered to and used by an agency of the state. In the absence of any legislative or judicial direction, it appears that the issue of whether a utility may discontinue service to a state agency for its failure to timely remit payment for services provided to and used by the agency is an issue which must be resolved by the judiciary. To the extent that AGO 078-165 is inconsistent in this regard, it is hereby modified or superseded.
Therefore, it is my opinion, until legislatively or judicially determined to the contrary, that a state agency may not pay delinquent fees or penalty payments for failure to timely remit payment for utility services to a utility under terms and rates different from those prescribed by s 215.422, F.S., in the absence of express or implied statutory authority therefor or lawful contractual provision authorizing such payment. Any question as to whether a utility may lawfully discontinue service to a state agency upon its failure to timely remit payment of charges for the use of the utility must be resolved by the courts; to the extent that AGO 078-165 is to the contrary, it is hereby modified or superseded.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General