471 So.2d 67 (1985)
Keith FINLAYSON, et al., Appellants,
v.
BROWARD COUNTY, Appellee.
No. 84-1406.
District Court of Appeal of Florida, Fourth District.
May 1, 1985.
Rehearing and Clarification Denied July 11, 1985.
Paul R. Regensdorf and Jonathan L. Gaines of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
Susan F. Delegal, Deputy Gen. Counsel, Fort Lauderdale, and Herbert B. Mintz of Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, for appellee.
CARLISLE, JAMES T., Associate Judge.
Plaintiff Finlayson appeals the summary judgment entered against her in this class action suit.
Broward County Civil Service Workers, including emergency medical technicians (EMT), were paid in accordance with the County Civil Service Rules and Regulations. The typical EMT is paid bi-weekly, working a 24 hour shift every third day. The EMT works five such shifts in any given two week period, for a total of 120 hours per period. During the 24 hour shift, 8 hours are designated as "sleep time." However, the EMT is on duty and *68 on call during these times and cannot leave work and often is too busy to sleep. The County admits that the EMTs actually work just over 56 hours per period.
EMTs are not paid overtime, although other County civil service personnel receive overtime for all hours worked over 40 hours per period. Although the EMTs actually work 112 hours per each two week time period, they are required to write "80 hours" on their time sheets in order to accommodate the County's computer system, which is geared to a 40 hour work week.
Various divisions of the Broward County government had, from as early as 1975, expressed concern over the apparent inequity involved in the EMTs pay arrangement. In 1979 the County issued Administrative Order No: 419, which was designed to "ensure pay policy application consistency."
Order No: 419 provides as follows:
Since the County now has employees working three, four, five and six regular 40 hour work weeks, all persons will be paid the same proportionate dollars for time off.
... .
Overtime is work beyond the normal hours of any scheduled work week. After 40 hours actually worked, employee will be paid at the rate of time and one-half.
For those employees working a 37 1/2 hour week and recording a two and one half (2 1/2) hour time adjustment the following rule applied for work in excess of 37 1/2 hours and not exceeding 40 hours:
This time is recorded as additional regular time on the payroll voucher form  In the column headed as "ACTUAL." It will be paid at the regular pay rate. All regular employees, when approved to do so, will earn premium (time and one half) overtime for the excess over their total scheduled hours which includes any time adjustment as referenced above.
The County argued the EMTs were properly paid. Their reasoning is as follows:
A. Finlayson's annual salary is $13,207.
B. Although she has to write in "40 hours" per week, she really works 56 hours per week.
C. All 56 of these hours are straight time hours  none of them are overtime hours.
D. Therefore, Finlayson's "true" hourly wage is $13,207 divided by 2,920 (56.16 hours per week multiplied by 52 weeks), which comes to 4.5231 per hour, straight time.
This argument cannot possibly work without its third premise ("C"). However, the validity of that premise is the chief issue on appeal. Appellee cannot simply cite it as though it were true. In fact, the premise is false. Of the 56 hours worked, 16 were actually overtime. Therefore, the argument fails.
The County drafted Order No: 419. Any ambiguities in a contract should be construed against the drafting party. See, e.g., American Agronomics v. Ross, 309 So.2d 582 (Fla. 3d DCA 1975).
Order No: 419 was a part of the Code of Broward County. Therefore, established rules of statutory construction are applicable. For example, when interpreting a statute, courts should avoid interpretations which would render part of the statute meaningless. Cilento v. State, 377 So.2d 663 (Fla. 1979).
The operative portion of Order No: 419 reads:
Overtime is work beyond the normal hours of any scheduled work week. After 40 hours actually worked, employee will be paid at the rate of time and one-half. [Emphasis supplied.]
For the reasons stated herein, the decision of the trial court is reversed and the cause is remanded for further proceedings not inconsistent herewith.
ANSTEAD, C.J., and WALDEN, J., concur.