PER CURIAM.
Appellant claims that the trial court erred in limiting his recovery on a claim for promotion, back pay with interest, costs, and attorney’s fees. The City of Miami cross-appeals the award of additional interest on the back pay and attorney’s fees.
The trial court’s lucid opinion sets out the facts and issues.
In 1982 the Plaintiff filed an action against the City of Miami, in the Circuit Court of the Eleventh Judicial Circuit (Case No: 82-10889). In that lawsuit the Plaintiff sought to have the Circuit Court declare that the City of Miami had unlawfully denied him Veterans’ preference points, after he had successfully completed a 1979 promotional examination for promotion to the rank of police sergeant. The Circuit Court entered its Pinal Judgment, finding that the Plaintiff was entitled to the Veterans’ preference points and requiring the City of Miami to promote the Plaintiff to sergeant, retroactive to July 23, 1980. The City of Miami appealed and the Third District Court of Appeal reversed the Final Judgment of the Circuit Court, holding that the Plaintiff had failed to exhaust his administrative remedies provided by the City of Miami Code.[1] Pursuant to this ruling, the Plaintiff then sought review before the City Civil Service Board on his claim for Veterans’ preference points. On January 15, 1985, the Civil Service Board timely heard the Plaintiff, and on that same date, recommended that the Plaintiff receive the preference points and be promoted to police sergeant, retroactive to July 23,1980, with back pay and emoluments. On March 29, 1985, the City Manager of the City of Miami approved such recommendation and promoted Plaintiff to Sergeant, with back pay and emoluments as of July 23, 1980.
Plaintiff's Complaint in the instant action was filed on February 22, 1985. Count I of that Complaint seeks a Writ of Mandamus, directing the City of Miami to promote the Plaintiff to the rank of Police Sergeant, retroactive to July 23, 1980. That is, it seeks to have the Court require the City to perform an act that it has already performed. It is clear that once the Plaintiff sought administrative relief, both the Civil Service Board and the City Manager for the City of Miami, acted with reasonable dispatch. The filing of the Complaint, seeking mandamus on February 22, 1985 was premature and this matter is now moot. Count I also seeks a Writ of Mandamus, requiring the City of Miami to promote the Plaintiff to Lieutenant as of 1982, on the ground that had the Plaintiff been promoted to sergeant in July, 1980, he would have taken and passed the Lieutenant’s examination in 1982 and, therefore, would have been promoted to Lieutenant. Based upon the various rules cited by the parties, it is clear that these allegations are not the subject of a Writ of Mandamus. Therefore, Defendant’s Motion for Judgment on The Pleadings is granted as to Count I.
Count Two seeks compensatory damages for “mental pain and suffering in loss of self-respect, disillusionment and otherwise”. Count II also seeks interest on the back pay, and attorney’s fees. Regardless of whether this action sounds in contract or tort, or is strictly statutory, (Plaintiff relies upon 295.14 for all damages sought in Count II) it seeks damages for economic loss. Historically, economic loss caused by breach of contract, or in those rare exceptions, for tort, have been limited to economic damages and not for pain and suffering. The court is unaware of any authority that permits damages for this alleged pain and suffering, or humiliation arising out of this action for economic loss. In Count II, the Plaintiff also seeks interest on his back pay, as well as attorney’s fees. Section 295.14 of the Florida Statutes is the authority for the Plaintiff to sue the City of Miami for back pay. Whether interest may be recovered on an obligation of the sovereign is discussed *695 at great length in the case of Flack v. Graham, reported at 461 So.2d 82 (Fla.1984). The Supreme Court, at page 83, sets forth the general rule of law that the government:
“... is not liable for interest in the absence of an express statutory provision or a stipulation by the government that interest will be paid ... Immunity from interest is an attribute of sovereignty, implied by law for the benefit of the State ... This immunity, however, may be waived.
Where statutory authority to sue a State is given, the implied immunity of the State from payment of interest upon obligations of the sovereign State may be waived or the payment of such interest may be impliedly authorized or assented to by the statute; and interest may be awarded on such implied statutory authority when the nature of claims on which suits may be maintained and the object designed in permitting suits against the State or its agencies warrant it.”
The Supreme Court cited a number of cases in which statutes have been strictly construed to prevent payment of interest by the State; as well as a series of cases in which the recovery of interest was permitted in suits against the State where the authorizing statute was silent as to interest, and the action permitted by that statute are more similar to the cases permitting interest. Therefore, this Court finds that Plaintiffs action for interest on the back pay and attorney’s fees for recovery of that interest is permitted by 294.5.14(2) Fla.Statutes. The Defendant’s Motion For Judgment on the Pleadings is therefore denied as to interest and attorney’s fees and granted in all other particulars.
We approve the court’s order except as to the award of interest on the back pay and attorney’s fees for recovery of that interest. The penalties provided by section 295.14, Florida Statutes (1985) apply to an agency, officer, or employee of the state or one of its political subdivisions. Since the City of Miami is neither an agency, officer, or employee, section 295.14 does not apply. There is a public policy, expressed by the supreme court in Flack v. Graham, 461 So.2d 82 (Fla.1984), which insulates government from liability for interest on back pay in the absence of an express statutory provision, authorization implied by statute, or stipulation by government. Here there is no express statutory provision waiving the immunity of municipal corporations, no stipulation by the City to be responsible for interest on back pay awards, and no statute which implies that interest shall be paid by the State or its political subdivisions in an action for back pay.
The main appeal is affirmed. The cross-appeal is reversed.

. City of Miami v. Sigman, 448 So.2d 533 (Fla. 3d DCA 1984).