GUNTHER, Judge,
concurring in part and dissenting in part.
I agree with the majority’s resolution of the main appeal. However, I respectfully dissent from their resolution of the cross appeal.
In my opinion, the plaintiffs are not precluded from cross appealing because they accepted the defendants’ offers of judgment. In BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986), this court held that an offer of judgment is in the nature of a contract and “[a]s such, the construction of a rule 1.442 judgment [offer of judgment] should be governed solely by the language employed by the parties if it is without ambiguity.”
In the instant case, three offers of judgment were made by the various defendants and accepted by the plaintiffs. Two offers of judgment state that the offer is made “in full satisfaction of all pending claims.” Since Counts VI and VII were dismissed with prejudice, they were no longer “pending claims.” Thus, in light of Krathen, I would hold that the plaintiffs can still cross appeal Counts VI and VII by the plain language of those two offers of judgment.
The third offer of judgment by defendants Art Adamson (Adamson) and Paul Brienza (not a party to this appeal) does not specify whether it applies to all claims that the plaintiffs might have against those defendants or whether it solely applies to pending claims at the time of the offer. That third offer of judgment states simply that “under the terms and provisions of Rule 1.442, Fla.R.Civ.P., [defendants Adamson and Brienza] hereby offer that a judgment may be entered herein against them in the amount of FOUR THOUSAND DOLLARS ($4,000).” Ambiguity in a contract is generally construed against the drafter. Finlayson v. Broward County, 471 So.2d 67 (Fla. 4th DCA 1985). An offer of judgment likewise should be construed against the drafter. Defendants Adamson and Brienza could have included in their offer the language that the offer applied to “all claims the Plaintiffs might have.” Since they failed to clarify their offer, the offer should be construed in favor of plaintiffs to apply only to those pending claims at the time of the offer. Thus, I would hold that the plaintiffs can cross appeal Counts VI and VII as to defendant Adamson as well.
In reviewing the trial court’s dismissal of Count VI and VII, I find that the trial court erred in dismissing Count VI because the complaint contains the necessary allegations to state a cause of action for tortious interference with a contractual or business relationshipO. See Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1371 (Fla.1981). Furthermore, the trial court erred in dismissing Count VII, because the count alleges a cause of action for civil conspiracy to defame, See Loeb v. Geronemus, 66 So.2d 241 (Fla.1953). Therefore, I would reverse the dismissal of Counts VI and VII of plaintiffs’ complaint.
However, I agree with the majority that the plaintiffs are precluded from Counts III, IV, and V, VIII. Since the plaintiffs failed to amend their complaint on each of these points, they waived their right to appeal. Kay v. Amendola, 129 So.2d 170 (Fla. 2d DCA 1961). Accordingly, I would reverse the cross appeal as to Counts VI and VII only.