LETTS, Judge.
The cause is affirmed in its entirety. However, we would be remiss if we failed to discuss the issue of prejudgment interest awarded by the trial court.
In this appeal, which is a continuation of Finlayson v. Broward County, 471 So.2d 67 (Fla. 4th DCA 1985), the County protests the award of prejudgment interest to county emergency technicians who were wrongly denied overtime. The complaint filed by the technicians sounded in breach of contract.
We have come a long way from the days when the sovereign could do no wrong and could not be sued without its consent. In Pan-Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4 (Fla.1985), our supreme court held that the defense of sovereign immunity is not supportable in a breach of contract action. Moreover “[t]he principle is established in Florida that where the state (or any of its subdivisions) can sue or be sued, the state (or subdivision) is impliedly liable for any interest on a claim against it.” Dade County v. American Re-Insurance Co., 467 So.2d 414, 418 (Fla. 3d DCA 1985). In Broward County v. Sattler, 400 So.2d 1031, 1033 (Fla. 4th DCA 1981), this very court opined that liability for interest “may be implied from statutory authorization to sue a governmental entity ... despite the absence of a specific authorizing statute or contract.” (emphasis added)
The seminal case affecting the payment of interest is Treadway v. Terrell, 117 Fla. 838, 158 So. 512, 517 (1935), in which the Florida Supreme Court, quoted United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336 (1890) for the following proposition:
A State is not liable to pay interest on its debts unless its consent to do so has been manifested by an act of its legislature OR BY A LAWFUL CONTRACT OF ITS EXECUTIVE OFFICERS, [emphasis supplied]
In a subsequent passage, the Treadway court intimated that “the general principles of liability for interest may be applied in proper cases of contract obligation.” On the other hand, there can be no question but that the facts in Treadway involved a statute expressly authorizing suits at law.
In another supreme court case, Flack v. Graham, 461 So.2d 82 (Fla.1984), the court opined that interest was not available. However, we note that the Flack court made it clear that its decision to disallow interest was based on the fact that the sovereign had not inequitably withheld the money sued upon and was an innocent victim. The First District in Department of Health & Rehabilitative Services v. Boyd, 525 So.2d 432 (Fla. 1st DCA 1988), recognized that where the state waives immunity to bring an employment contract action, it also impliedly waives immunity from payment of interest for wrongful withholding of money.
In the case at bar, Broward County has wrongfully withheld the overtime pay. As we see it, fundamental fairness suggests that where the sovereign is liable for a debt because of a wrongful act, it is not improper to award prejudgment interest. Interest should only be denied “when its exaction would be inequitable.” Flack, 461 So.2d at 84.
We recognize that our conclusion may well be in conflict with Sigman v. City of Miami, 500 So.2d 693 (Fla. 3d DCA 1987). To the extent that it is, we must respectfully disagree with our sister court.
AFFIRMED.
DOWNEY and STONE, JJ., concur.