Mr. Harry K. Singletary Secretary Florida Department of Corrections 2601 Blair Stone Road Tallahassee, Florida 32399-2500
Dear Mr. Singletary:
The Florida Department of Law Enforcement joins with you in requesting an opinion on substantially the following question:
Must the Department of Corrections register with the Florida Department of Law Enforcement an offender who meets the registration criteria of s. 2(2), Ch. 93-277, Laws of Florida, but for whom no written finding of "sexual predator" has been made by a court?
In sum:
Pursuant to s. 2, Ch. 93-277, Laws of Florida, the Department of Corrections must register with the Florida Department of Law Enforcement any offender who meets the criteria as a "sexual predator," regardless of whether a court has made a written finding of such status. However, the sentencing court of a sexual predator whose offense occurs on or after October 1, 1993, must make a written determination that the offender is a sexual predator in order to impose maximum supervision during conditional release and to subject the offender to mandatory arrest if there are reasonable grounds to believe the terms and conditions of release have been violated.
"The Florida Sexual Predators Act," Ch. 93-277, Laws of Florida, addresses the problem of sexual predators by requiring their registration and the maintenance of the registration by the Florida Department of Law Enforcement (FDLE) for access by law enforcement.[1] The criteria used for determining who will be registered is as follows:
Each offender who is convicted, on a current offense committed on or after October 1, 1993, of, or is found to have committed, regardless of adjudication, or pleads guilty or nolo contendere to:
(a) Any capital, life, or first degree felony violation of chapter 794 or s. 847.0145, or of a similar law of another jurisdiction; or
(b) Any second degree or greater felony violation of chapter 794, s. 800.04, s. 827.071, or s. 847.0145, or of a similar law of another jurisdiction, and who has previously been convicted of or found to have committed, regardless of adjudication, or has pled nolo contendere to, any violation of s. 794.011(2), (3), (4), or (5), s. 794.023, s. 794.041(2)(a) or (b), s. 800.04, s. 827.071, s. 847.0133, or 847.0145, or of a similar law of another jurisdiction, is a sexual predator and must register or be registered in accordance with this section.[2]
The registration requirement, however, does not apply to a sexual predator:
1. Whose civil rights have been restored and who has no felony sex offenses subsequent to restoration of civil rights;
2. Who has received a full pardon for any sex offense which met the criteria for a sexual predator offense; or
3. Whose registration requirement under this section arose more than 10 years prior to October 1, 1993, and who has been lawfully released from custody and supervision for any felony sex offense prior to the time registration would otherwise be required, unless the sexual predator is a fugitive from justice on a felony charge.[3] (e.s.)
An offender who is to be released from incarceration or an offender already released and under supervision who is not registered but is required by the act to be registered as a "sexual predator" must be given specific notice of the act's requirements. The DOC, county sheriff, or the employing agency of the officer supervising the offender, must provide the offender with written notice and obtain from the offender written acknowledgment of the registration requirements of the law, and "shall register the offender with the Department of Law Enforcement in accordance with this section."[4] The FDLE is required to maintain hot-line access for state, local, and federal law enforcement officers to obtain "instantaneous locator file and offender characteristics information" on all released registered sexual predators for purposes of monitoring, tracking, and prosecution.[5]
The language in the statute contemplates that a qualifying offense may be committed prior to October 1, 1993, but not before October 1, 1983.[6] There does not appear to be a requirement that a court make the determination that an offender is a sexual predator for a qualifying crime committed prior to October 1, 1993. Further, there is nothing to indicate that the failure of a sentencing court to make a written determination that an offender is a sexual predator for a qualifying offense committed on or after October 1, 1993, would preclude classifying an offender as a sexual predator for registration purposes.
In s. 3(1), Ch. 93-277, Laws of Florida, the Legislature found that repeat sex offenders and sex offenders who use physical violence are sexual predators who present an extreme threat to the public safety and, therefore, must be subject to supervision upon release from incarceration. For purposes of this section, a "sexual predator" is defined by the same criteria set forth in s. 3(2), Ch. 93-277, Laws of Florida. Additionally, the legislation provides:
Upon sentencing an offender who meets the definition of paragraph (a) or paragraph (b) of subsection (2), when the current offense was committed on or after October 1, 1993, the court shall make a written finding that the offender is a sexual predator.[7] (e.s.)
Clearly, the language of the act shows that a court sentencing a "sexual predator" whose qualifying offense was committed on or after October 1, 1993, is required to make a written finding that the offender is a sexual predator in order to impose maximum supervision during a conditional release and to subject the sexual predator to mandatory arrest when there are reasonable grounds to believe the offender has violated the terms and conditions of his or her release.[8]
To read the requirement of a court finding to apply to qualifying offenses committed prior to October 1, 1993, before registration could be made, would be contrary to the plain language of the law. Further, such an interpretation would result in many instances where offenders who committed qualifying offenses in this state and in other jurisdictions would not be subject to registration when the sentencing court had no premonition that a written finding that the offender is a "sexual predator" would be required.
When construing the language of a law, it is a basic rule that all parts of a statutory provision should be given effect and related statutory provisions should be construed in harmony with each other.[9] Furthermore, interpretations which would render part of a statute meaningless should be avoided.[10]
In order to give effect to all parts of Ch. 93-277, Laws of Florida, the registration criteria must be read to apply to offenders whose qualifying offenses were committed after October 1, 1983, regardless of the presence of a written finding by a sentencing court. For those offenders who committed their qualifying offenses on or after October 1, 1993, however, the sentencing court must make a written finding that the offender is a sexual predator before the offender may be subject to maximum supervision during a conditional release and subject to mandatory arrest when there are reasonable grounds to believe the offender has violated the terms and conditions of his or her release.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 1(3), Ch. 93-277, Laws of Florida.
[2] Section 2(2), Ch. 93-277, Laws of Florida.
[3] Section 2(3) , Ch. 93-277, Laws of Florida.
[4] See, s. 2(3)(e), Ch. 93-277, Laws of Florida.
[5] See, s. 2(3)(g), Ch. 93-277, Laws of Florida.
[6] See, Final Bill Analysis Economic Impact Statement, House of Representatives Committee on Criminal Justice, April 15, 1993.
[7] Section 3(3), Ch. 93-277, Laws of Florida.
[8] See, Drury v. Harding, 461 So.2d 104 (Fla. 1984) (word "shall" generally connotes mandatory requirement), and Steinbrecher v. Better Construction Co., 587 So.2d 492 (1 D.C.A. Fla. 1991).
[9] See, Forsythe v. Longboat Key Beach Erosion Control District,604 So.2d 452 (Fla. 1992).
[10] See, Finlayson v. Broward County, 471 So.2d 67 (4 D.C.A. Fla. 1985), appeal after remand, 533 So.2d 817 (4 D.C.A. Fla. 1988), jurisdiction accepted, 544 So.2d 199 (Fla. 1989), decision approved in part, quashed in part, 555 So.2d 1211 (Fla. 1990).